MENOMINEE BAY SHORE LUMBER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*January 14—February 1, 1916.*

*Workmen's compensation: Proceedings before industrial commission: Minors: Guardians not necessary: Compromise of claim: Award pursuant thereto: Review: Vacation: New award.*

1. The industrial commission being merely an administrative body, in proceedings before it in behalf of a minor employee, under the Workmen's Compensation Act, it is not essential that he be represented by a guardian.

2. A minor employee, under the Workmen's Compensation Act, may, like an adult, compromise his claim for compensation, subject to the power of the industrial commission under sec. 2394—15, Stats., to review, set aside, modify, or confirm such compromise upon application made within one year.

3. A mere formal award of compensation made by the industrial commission pursuant to a compromise and stipulation between the parties is not such a review and confirmation of the compromise as sec. 2394—15 contemplates.

4. Relief against such an award is not limited to an action under sec. 2394—19, commenced within twenty days in the circuit court; and an application made within one year from the time of the compromise, though in form for an original award, might be treated as a request for a review and vacation of the compromise, and a new award might be made thereon, in effect setting aside and remedying the injustice of the compromise agreement.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside an award made by the defendant *Commission* in favor of defendant *Schmidt.*

Defendant *Schmidt,* a minor eighteen years of age, while in the employ of plaintiff, on the 26th day of January, 1914, fell off a lumber pile and was injured. The provisions of the Workmen's Compensation Act applied to the matter. The accident was duly reported to the *Industrial Commission,* and the age of the injured person stated. He was paid some compensation and later made an agreement in writing with plaintiff, reciting the matters aforesaid and the following: The fall from the lumber pile caused injuries to the employee's head producing a disability from the date of the accident to the time of the agreement. When injured ·he was receiving $10.50 per week. He has been paid, as compensation under the Workmen's Compensation Act, $88.66 for the period from January 27, 1914, to April 27, 1914. He has also received medical and surgical treatment, medicines, and surgical supplies and apparatus as required, for the ninety days subsequent to the injury. There is a dispute between him and his employer as to whether he is still disabled so that he cannot return to the employment at which he was working at the time of the accident, and it is desired by both parties that the dispute be compromised and settled. The recitals were followed by an agreement that the *Industrial Commission* might enter an award in a lump sum, on the statement of facts, that the employer pay *Schmidt* $54.56 in addition to the $88.66 previously paid. The instrument was filed with the *Industrial Commission* and it made an award accordingly, which was, in due form, satisfied on the 1st day of June, 1914.

In the proceedings aforesaid, *Schmidt* was not represented by a guardian of any sort, but was represented by an attorney. He could not read or write English; but the agreement he made was explained to and understood by him.

On September after the satisfaction aforesaid, *Schmidt,* represented by a general guardian, filed an application for

compensation for the injury settled for as aforesaid. In such application, disability in the neck and back was claimed, whereas the disability mentioned in the settlement was to the head. The matter was duly heard before the *Commission,* it being insisted on behalf of the applicant that he was not bound by the award or the stipulation therefor because he was not represented in the proceedings by a guardian, and in opposition thereto that such award was binding because a guardian in such proceedings is not essential.

The *Commission* decided that its previous finding, based on the stipulation for settlement, was erroneous; but that an award in favor of a minor upon facts found in a regular hearing is conclusive, whether the minor is represented by a guardian or not, but that a minor cannot bind himself by an agreement that a certain sum will fully compensate him for all disability resulting from an injury when the facts are otherwise, and that an award made on such an agreement does not preclude the *Commission* from entertaining an application for further compensation in accordance with the actual facts.

Upon proofs submitted, the *Commission* exonerated plaintiff from any intention to overreach its employee in making the compromise agreement, and awarded additional compensation.

The second award was affirmed by the circuit court upon the ground that the minor had a right to disavow his agreement and hence the *Commission* had jurisdiction to make the second award. Judgment was rendered accordingly.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argument by *Mr. Fish.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general; for the respondent *Schmidt,* a brief by *L. M. Evert;* and the cause was argued orally by *Mr. Gilman.*

MARSHALL, J.   The *Industrial Commission* is not a court. It is an administrative body, merely.   No authority is cited to our attention, and we are unable to find any, that a guardian is jurisdictionally essential to proceedings in behalf of a minor by such a body, in the absence of a statute requiring it. The Workmen's Compensation Act makes no such requirement.   It seems to contemplate that a minor, the same as an adult, may make application to the *Industrial Commission* to determine the compensation which should be awarded in case of his receiving a personal injury under such circumstances as to warrant a recovery therefor by proceedings before such *Commission*.   He need not, necessarily, be represented by a guardian.   Sub. (2), sec. 2394—7, Stats., provides that minors "who are legally permitted to work under the laws of the state" "for the purposes of sec. 2394—8, *shall be considered the same* and shall have the same power of contracting as adult employees."

It is quite significant that minors, mentioned, for the purposes indicated, are not only empowered to contract to the same extent as adults, but are, for all such purposes, to be considered the same as adults.   That is a pretty plain legislative declaration that a guardian to represent a minor, in matters within the jurisdiction of the *Industrial Commission* under the Workmen's Compensation Law, is not essential.

Sec. 2394—8, referred to in sub. (2) aforesaid, provides that any employee, as defined in such subsection "shall be deemed to have accepted and shall, within the meaning of section 2394—3, be subject to the provisions of sections 2394—3 to 2394—31, inclusive," in cases which include the one in question.   Thus the entire Workmen's Compensation Act is covered, as the sections referred to are all there is of it.

Nothing further need be said to show that there was no fatal infirmity in the first award from the mere fact that respondent *Schmidt* was not represented before the *Commission* by a guardian.   That is in harmony with *Foth v. Macomber & W. R. Co.* 161 Wis. 549, 154 N. W. 369, 371.

Appellant's counsel suggest that, regardless of whether the *Commission* errs, jurisdictionally or otherwise, in deciding an application for compensation, its action can only be disturbed by proceedings under sec. 2394—19, Stats., which provides that such a determination shall be subject to review only by action commenced within twenty days from its date in the circuit court for Dane county; and shall be set aside only upon the ground that "the commission acted without or in excess of its powers," or "the order or award was procured by fraud," or "the findings of fact by the commission do not support the order or award." It is considered that such section must be read in connection with sec. 2394—15, Stats., which provides that "every compromise of any claim for compensation under sections 2394—3 to 2394—31, inclusive, shall be subject to be reviewed by, and set aside, modified or confirmed by the commission upon application made within one year from the time of such compromise." That contemplates, in general, that compromises of disputes concerning compensation, subject to the power of the *Commission* to set aside, modify, or confirm the same within the time indicated, as to minors, who are within the scope of the Workmen's Compensation Act, are to be considered the same as others; that competency to compromise, subject to the indicated control by the *Commission,* applies to one class the same as to the other.

Counsel for appellant contends that the first award was confirmatory of the compromise and exhausted the power of the *Commission* under sec. 2394—15 aforesaid. Counsel for respondents contend that the application which resulted in the second award was, in effect, a request for a review and vacation of the compromise and that the proceedings which resulted in the first award were, in no sense, such a review as the statute contemplates. We incline to that idea. Such statute clearly provides for a hearing on application therefor in respect to the validity or justice of a compromise. There

was no such hearing in this case when the first award was made. There was only a mere formal award, following the stipulation of the parties. Whether it was just or not was evidently not thought of. The later application, in practical effect, called for such a review and a decision was made, in effect, that the compromise agreement was unjust to the extent remedied by the second award. The challenge of the compromise was made in time and it matters not that it was in the form of an application for an original award.

The result is that the judgment appealed from should be affirmed upon the ground that the second award was, in reality, the result of exercise of the *Commission's* power to set aside a compromise. The *Commission* has very broad power in that field, enabling it to protect minors or others who may, through mistake, make an improvident settlement. We thus treat the matter the same as if respondent *Schmidt* were an adult.

*By the Court.*—The judgment is affirmed.