HOTEL MARTIN COMPANY, Appellant, vs. INDUSTRIAL COM-
MISSION OF WISCONSIN and another, Respondents.

*October 19—November 13, 1923.*

*Workmen's compensation: Minor employed without permit: Settle-
ment between dependent parents and employer: Approval of
industrial commission: Subsequent award of treble damages.*

1. A proposed settlement between an employer and the parents of
   an employee who was killed while in employment is clearly a
   dispute or controversy concerning compensation, and is there-
   fore a matter required to be submitted to the industrial com-
   mission for approval.   p. 83.
2. A father and mother, accompanied by an attorney, having ap-
   peared before a member of the industrial commission who
   was conducting hearings and stated that their minor daughter
   had been killed while in the service of her employer, and
   that a certain amount was considered by them to be a
   reasonable lump settlement, and the attorney for the em-
   ployer's insurer having written the commission to the effect
   that if satisfactory to it he would pay such amount, the com-
   mission had jurisdiction to approve the settlement, under sec.
   2394—15, Stats. 1921, though no formal application for com-
   pensation had been made to the commission.   p. 84.
3. An adjustment of compensation between the employer and the
   parents of the deceased employee, approved by the industrial
   commission, became absolute after the expiration of a year,
   under sub. 1, sec. 2394—15, Stats. 1921, and the industrial
   commission did not thereafter have jurisdiction to award
   treble compensation on the ground that the employee was
   permitted to work without a permit, under sub. (7) (a), sec.
   2394—9; the fact that under sub. (8), sec. 2394—9, the em-
   ployee rather than his insurer is the primary source for pay-
   ment of the increased compensation, being immaterial so far
   as the dependent parents are concerned.   p. 84.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

In November, 1919, Veronica Nowak, a minor, left her
parents' home near Pulaski, Wisconsin, and went to Milwau-
kee and engaged in house service in one or more hotels,
finally with the plaintiff herein. No labor permit had been
obtained for such service. She met her death by an accident

in the hotel elevator on March 22, 1920. On the same day the *Hotel Company* made report to the *Industrial Commission* stating the age of the girl as nineteen. Albert Nowak, father of deceased, called in reference to said matter at the Hotel Martin and was there referred to the resident manager of the Fidelity & Casualty Company of New York, the insurance carrier, and to the *Industrial Commission.* Such manager also notified the *Industrial Commission,* and from April 7, 1920, on there was correspondence between the *Commission* and said Nowak, and in its letter of April 7th Mr. Nowak's attention was called to the fact that the daughter's age was given as nineteen in the report to the *Commission* of the accident. Subsequently Nowak consulted an attorney in Milwaukee and suit was commenced by the service of summons. Thereafter by and through such attorney an agreement to settle was arrived at by which the insurance carrier was to pay the sum of $950 in full.

On October ·3, 1920, while one of the members of the *Industrial Commission* was conducting hearings at the city of Milwaukee, there appeared before him informally said Albert Nowak and his wife, accompanied by an attorney representing the one who had commenced said lawsuit, and the statement was then made to the *Commission* that said Veronica, a girl of over sixteen, had been killed while an employee of the *Hotel Martin Company,* and that it was considered by the parents that $950 would be a reasonable lump settlement; that there had never been a formal application made to the *Commission,* but some correspondence had been had between the *Commission* and the parents; that some question had been raised as to whether the matter should be under the compensation law or subject to an action at common law; that a common-law action had been commenced which will be dismissed; that the insurance company desired to settle on the basis aforesaid, and request was made of the *Commission* by such attorney and on behalf of the parents to approve of the settlement. In

response to a question by the commissioner, Albert Nowak expressed satisfaction with such settlement. On the same day the two parents signed and sealed a written release reciting their relationship to the deceased; that they were entitled to her wages and were her dependents, and are desirous of settling their claim against the company, and feel that the sum of $950 is a reasonable sum of money to compensate them in full for all claims, rights, and demands arising out of the death of said Veronica Nowak. It further recited that in consideration of such sum they forever release and discharge the said *Hotel Company* from all claims, rights, and demands of any kind and nature, either through actions at common law or any other proceeding on account of such injuries and death, and acknowledge full accord and satisfaction of every claim, right, and demand and of all actions at common law and full compensation for the injuries and death of the said Veronica Nowak.

On October 20th the attorney for the insurance company wrote the *Commission* to the effect that if satisfactory to the *Commission* and approved by it he would pay the amount of such settlement, and inclosed the release above specified to be filed as part of their record if they approved, and requesting that in case of disapproval the release should be returned. This was answered on October 28th to the effect that from their correspondence with Mr. Nowak the *Commission* was disposed to feel that the basis of adjustment is reasonably fair to the parents, and saying: "We do hereby approve an adjustment on such basis." The same letter made inquiry concerning an allowance of $100 for burial expense and as to whether such was to be paid in addition to the $950 or was included. Subsequent correspondence was had, and then on November 3, 1920, the *Commission* wrote to the attorney for the insurance carrier as follows:

"*Re* Nowak vs. Hotel Martin. We are satisfied to have this matter disposed of on the basis of $950 as you advised

us heretofore, considering that of the $950, $100 is for account of burial expense.

"Yours very truly,
"INDUSTRIAL COMMISSION,
"F. M. WILCOX, Commissioner."

On the following day the draft for $950 was sent to Nowak's attorney and the *Commission* notified of such fact and requested to file the said receipt or release, and the same was stamped as received October 22d by the *Commission.*

In April, 1921, correspondence was commenced between the *Industrial Commission* and Albert Nowak concerning the question of the age of his daughter at the time of the accident and informing him that he might possibly be entitled to further benefits on account of such death. Thereafter on November 25, 1921, and more than one year after the execution of the release and the payment of the $950 as above stated, Albert Nowak made formal application to the *Industrial Commission* for treble compensation, for the reason that deceased was a minor of permit age and at the time of her death was suffered and permitted to work in prohibited employment without a written permit issued pursuant to sec. 1728a, Stats. To this application the *Hotel Martin Company* answered, among other things, that the *Industrial Commission,* by approval and confirmation of a settlement made with the applicant more than a year prior to the commencement of this proceeding, has exhausted its powers and is without power, authority, or jurisdiction to act in the premises. Upon hearing had in said matter and testimony taken showing that Veronica was under seventeen, the *Industrial Commission* on March 24, 1922, made an award to the effect that, owing to the employment of said Veronica without a written permit, contrary to the provisions of the statute, the death benefit to the applicant should be treble the amount otherwise recoverable, and awarded to applicant as against the *Hotel Martin Company* $1,700, being double the $850, less funeral expenses as

theretofore paid. Thereafter an action was commenced in the Dane county circuit court by the plaintiff, *Hotel Martin Company*, against the *Industrial Commission* and the said Albert Nowak. Upon the death of the latter pending the litigation his administrator was made a party. The circuit court confirmed the award of the *Industrial Commission*, and from its judgment the plaintiff has appealed.

*Charles T. Hickox* of Milwaukee, for the appellant.

For the respondent *Industrial Commission* there were briefs by the *Attorney General* and *Winfield W. Gilman*, assistant attorney general, and oral argument by *Mr. Gilman*.

For the respondent *Nowak* there was a brief by *Minahan, Minahan, Minahan & Duquaine* of Green Bay.

ESCHWEILER, J. The *Hotel Martin Company* as employer and Veronica Nowak as employee, at the time of her death March 22, 1920, were each under the workmen's compensation law of this state. The proposed settlement with the defendant parents for the death of said Veronica Nowak was clearly a dispute or controversy concerning compensation within secs. 2394—3 to 2394—31, Stats., which includes sub. (7) (a), sec. 2394—9, the provision for treble compensation allowed where the injured employee was required or permitted to work without a permit first having been obtained. Being such a dispute or controversy for compensation, the proposed settlement or compromise of the same was therefore a matter which, by sec. 2394—15, is required to be submitted to the *Industrial Commission* for approval, as was done in this particular case. The payment of the agreed amount of $950 was conditional upon its approval as a fair and reasonable settlement or adjustment by the *Industrial Commission;* such approval was made and the sum paid over in reliance upon such approval. The matter then and thus presented to and disposed of by the *Industrial Commission* was one concerning compensation under

the workmen's compensation act, otherwise the *Industrial Commission* had no jurisdiction.    *Porter v. Industrial Comm.* 173 Wis. 267, 181 N. W. 317.

The submission of this matter to the *Industrial Commission* and its action thereupon, though somewhat informal in manner, was nevertheless action by the *Industrial Commission* and within its jurisdiction.    *Menominee Bay Shore L. Co. v. Industrial Comm.* 162 Wis. 344, 156 N. W. 151. Such being the situation, the compromise or adjustment became absolute and binding after the expiration of a year by the express language found in the same sec. 2394—15, sub. 1, and reading:

"Every compromise of any claim for compensation under sections 2394—3 to 2394—31, inclusive, shall be subject to be reviewed by, and set aside, modified or confirmed by the commission upon application made within one year from the time of such compromise."

Manifestly no review of a settlement will be sought or is contemplated by the statute except and unless it be upon the claim by either party thereto that the amount allowed by such settlement was either too little or too much and that such review is justified by reason of a failure to have originally considered matters which could or should have been presented in the first instance and of a subject matter within the jurisdiction of the *Industrial Commission*.   The allowance of treble damages as was here made by the *Industrial Commission* and confirmed by the circuit court was a matter which would, if considered at the time of the submission of the proposed settlement to the *Commission*, only increase the amount to be paid; it would still have been compensation just the same and paid to the same dependents, the parents.    That under the statute, sub. (8), sec. 2394—9, the employer rather than the insurance carrier must be the primary source for payment of the increased compensation, is and was immaterial so far as the dependent parents were concerned.    That the matter of the real age of the deceased employee and her employment without legal permit and

consequent possibility of treble damages under the statute were not considered by the parties to the proposed settlement or by the *Industrial Commission* at the time the compromise was approved can have no other or greater effect than would have been the omission to consider any questions like that of funeral expenses; doctors' bills; mistakes in arriving at the amount of contributions to dependent parents, or any other matter or item for which such a settlement may be modified or changed within the period during which the *Industrial Commission* has its statutory jurisdiction. No exceptions are made by the statute in this situation and we cannot properly insert any. This renders unnecessary the discussion of any other question and requires the dismissal of the application because the *Commission* was without jurisdiction to entertain it.

*By the Court.*—Judgment reversed and proceedings dismissed.