NOWINY PUBLISHING COMPANY, Respondent, vs. KAPPL, Appellant.

*April 7—May 12, 1925.*

*Workmen's compensation: Compromise of claims: How reviewed: Jurisdiction of industrial commission.*

1. A compromise of a claim under the workmen's compensation act, where the right to compensation is open to doubt, is in accord with the fundamental purpose of the act, which is to provide for the payment of compensation to injured employees or their dependents with the least possible delay and expense to the parties. p. 32.
2. Parties may make compromises of compensation claims, subject to the review of the industrial commission, on application of either party; but such application is a prerequisite to the power of the commission to act in reference to the compromise. p. 32.
3. Where an applicant of full age, represented by counsel, made a claim for compensation with full knowledge of the facts, the settlement will be enforced according to its terms unless it is set aside by the industrial commission within one year upon the application of one of the parties. p. 33.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Workmen's compensation. *Marie Kappl* was the mother of John Kappl, who was employed by the plaintiff during the period from December 1, 1920, to July 7, 1921. John Kappl died August 23, 1921, of acute Bright's disease. It is the contention of the claimant that his condition was due to lead poisoning brought on by his contact with lead and lead fumes in the course of his employment and that it was therefore an occupational disease. It appears without dispute that prior to the entry of the finding and award by the industrial commission and on the 28th day of February, 1923, the defendant and the plaintiff entered into a written compromise wherein and whereby the defendant released the plaintiff from all claims in consideration of the payment of $400. Shortly after the making of this settlement an award was made by the terms of which the plaintiff would be entitled to $2,548.59. Several issues were made in the proceeding which resulted in the award. The plaintiff claimed that the death of the defendant had no connection with his employment; that the defendant was not in fact dependent upon the deceased. The commission found against plaintiff's contentions. An action was brought to review the award and to require the industrial commission to recognize and carry out the stipulation of settlement and to have the award made by the commission vacated and set aside. There was judgment for the plaintiff, from which the defendant appeals.

For the appellant there were briefs by *William L. Tibbs* and *L. A. Schweichler,* both of Milwaukee, and oral argument by *Mr. Schweichler.*

For the respondent the cause was submitted on the brief of *Roehr & Steinmetz* of Milwaukee.

ROSENBERRY, J.   This matter was given very careful consideration by the trial court and a written decision was filed

with which we fully concur. We cannot make a better disposition of this case than to set it out *in extenso,* which we do with slight changes in the language to adapt it to use here. The trial court said:

"The fundamental purpose of the workmen's compensation act is to provide for the payment of compensation to injured employees and their dependents with the least possible delay and expense to the parties. If the parties can adjust the claim for compensation by compromise, especially where the right to compensation is open to doubt, as is the case here in question, such compromise is in accord with this fundamental purpose of the compensation act. The only danger to be apprehended is that in such compromise one of the parties may be overreached by the other. But the legislature has insured fair dealing in such compromise by giving the commission full power at any time within one year from the time of such compromise to set aside or modify the same if either party make application for such review. This statute expressly recognizes the right of the parties to make such compromises, subject always to review by the commission if either party is dissatisfied and makes the necessary application for such review. But sub. 1 of sec. 2394—15 imposes no duty, nor indeed does it confer any power upon the commission, to act as to such compromise except 'upon application made.' The application to review the compromise is a prerequisite to the power on the part of the commission to act with reference to such compromise.

"The record does not show compliance with sub. 1 of sec. 2394—15 of the Statutes. The most that appears is that prior to the issuing of the award some one connected with the insurance carrier had notified some member of the commission's staff that a settlement for the sum of $400 had been arrived at by the parties. But there is absolutely no proof that any party to the proceeding applied to the commission to review, set aside, modify, or confirm the settlement prior to the time that the award was made. The stipulation of settlement was not filed with the commission until three days after the award was made. The only thing that the record contains that might be considered an application to review made pursuant to the provisions of the statute is the letter of Mr. Tibbs, but this letter was not received by

the commission until three days after the award had been made, so that it cannot be held that the award was the commission's response to the request that the settlement be set aside.

"Sec. 2394—15 of the Statutes requires action 'by the commission.' Action by the commission must be evidenced by some record that clearly discloses the commission's action. The form of the record is not material, so long as it discloses the fact that the members of the commission have met and determined what action should be taken. The letter written by the examiner on March 14th and the letter of the chairman dated March 21, 1923, show that the commission had not definitely formulated any action with reference to the compromise, otherwise one would not have understood that the commission had determined that the stipulation should not be approved, while the other understood that the question considered was whether the award should be held up. But even if the commission had taken definite action disapproving the settlement, it would have acted without jurisdiction and its action would be null and void, because no application to review the settlement had been made at the time the action was taken. The award was not made under such circumstances as to constitute action by the commission setting aside the compromise settlement. The compromise agreement is still in full force and effect and the rights of the parties must be determined by it.

"The applicant was of full age and was represented by able counsel who joined with her in the making of the agreement to compromise the claim. The settlement was made after extended hearing which fully disclosed the position of the parties and the conflict in the testimony as to the right to recover any compensation. Such a settlement deliberately made with full knowledge of the facts must stand until it is set aside upon application of a party by the commission, whose action is evidenced by such a record as to leave no doubt that the commission acting as such has taken the action required by sec. 2394—15 of the Statutes.

"The compromise agreement is in form an absolute settlement of all claims. It is not by its terms made subject to the approval of the industrial commission. All that it contains is a request that the commission make an award in compliance with the terms of the agreement of settlement,

It is like the ordinary stipulation for the settlement of a lawsuit in which the stipulation provides that the court may enter a judgment in accordance with the terms of the stipulation."

*By the Court.*—Judgment affirmed.