WISCONSIN MUTUAL LIABILITY COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*October 14—November 11, 1930.*

For the appellants there was a brief by *Roehr & Steinmetz,* attorneys, and *C. J. Otjen* of counsel, and oral argument by *Ida E. Luick* and *Mr. Otjen,* all of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan.*

FOWLER, J. The action was brought by an employer and its insurer to vacate an award made to the widow of an employee by the Industrial Commission under the workmen's compensation act. The employee, Gervase Hannon, was in the employ of a circus organization. The circus was about to move from Manitowoc. Its equipment was dismantled and loaded on wagons. Tractors were pulling the wagons to the railroad for loading on flat cars. A tractor ran over Hannon and killed him.

Two claims are made by appellants: (1) Hannon was not performing any service at the time of the accident. (2) A settlement entered into bars recovery in excess of the amount stipulated, which was less than the amount of the award.

(1) Hannon's duty was to load equipment on a wagon, see that the wagon was taken to the train, and stay with the wagon until it was loaded on the train. He was seen beside his wagon shortly before he was run over, waiting for it to be taken. He had probably lain down near it and gone to sleep and was run over while so lying. It seems plain enough that Hannon was on duty when injured, and if he was on duty he was performing service incidental to his employment. Under such circumstances "he also serves who only waits."

(2) On November 23, 1927, the widow, the show company, and its insurer entered into a stipulation for settlement. It provided that by way of settlement the second parties offer and the first party agrees to accept $1,650 in full payment and discharge, and states that all parties request the Industrial Commission to affirm the settlement and make an award thereon. Payment was not made pursuant to the stipulation. The stipulation was received by

the commission shortly after December 1st. The commission on January 30, 1928, wrote the insurer that they wanted further information before acting on the stipulation, and on July 30th wrote that on their present information they could not approve the award. They made further investigation, however, and on February 23, 1929, the chairman of the commission wrote the insurer that "on Saturday last the commission gave consideration to the proposed compromise and unanimously agreed that it should not be affirmed," and citations for hearing to conclude the proceedings were thereupon issued. The insurer objected to further proceedings because of failure of the commission to approve or reject the compromise within one year from its receipt.

Sec. 102.16, Stats., provides that compromises "shall be subject to be reviewed by, and set aside, modified or confirmed by the commission within one year from the date such compromise is filed with the commission, or from the date an award has been entered, based thereon."

The appellants in support of their contention rely on this statute and the decision in *Nowiny Pub. Co. v. Kappl,* 187 Wis. 30, 203 N. W. 740. As the statute stood at time of the decision the commission was required to act on an application to confirm or set a compromise aside within one year from the time of the application. It was held that the commission had no jurisdiction to make an award after a compromise was agreed upon by the parties in the absence of an application to set aside the compromise; that the agreement determined the rights of the parties; and that the commission could do nothing but enter an award according to the terms of the settlement. In the opinion, pages 33, 34, it is said that the compromise agreement was—

". . . in form an absolute settlement of all claims. It is (was) not by its terms made subject to the approval of the Industrial Commission. All that it contains is (contained was) a request that the commission make an award in com-

pliance with the terms of the agreement of settlement. It is (was) like the ordinary stipulation for the settlement of a lawsuit in which the stipulation provides that the court may enter a judgment in accordance with the terms of the stipulation."

It is considered that the stipulation here involved is distinguishable. The parties did not treat it as an absolute settlement. They did not make and accept payment in accordance with it. They requested the commission to "affirm the settlement." These two things indicate that it was not intended as a settlement unless the commission should approve it; that it would become effective only in such case; in other words, that it was a conditional rather than an absolute settlement. The letter of July 30th above referred to clearly indicated that the commission had considered and taken action on the stipulation and that they did not *"affirm"* it and would not do so unless they received further information to cause a change of mind and reversal of action. We are of opinion that this was in effect a "review" and a "setting aside" of the stipulation within the meaning of the statute. Actions of the commission should be liberally construed to bring them within the purview of the statute and as effecting its purpose. The commission's action, "though somewhat informal in manner, was nevertheless action by" the commission. *Hotel Martin Co. v. Industrial Comm.* 182 Wis. 79, 84, 195 N. W. 865.

*By the Court.*—The judgment is affirmed.