PUTNAM, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*September 12—October 8, 1935.*

For the appellant there was a brief by *L. M. Evert* of Marinette, attorney, and *Drought & Drought* of Milwaukee of counsel, and oral argument by *Ralph J. Drought.*

For the respondents there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

MARTIN, J.   Plaintiff was an employee of the Falls Manufacturing Company for many years prior to January 2, 1925. On said date he sustained an injury to his right hand when he attempted to put a belt on a pulley with a rope.   The rope caught on an unguarded collar, causing the rope to twist around his hand and resulting in the amputation of the hand.

On June 4, 1925, upon stipulated facts, the Industrial Commission entered an award for compensation.   Thereafter on October 4, 1925, the compensation was reduced to a lump sum and paid; the amount being $3,165.75.   The award provides:

"Such payments shall be in full release of all liability herein except for such liability which may exist by reason of the provisions of sec. 102.09 (5) (h), relating to increased compensation."

The employer, Falls Manufacturing Company, denied liability for increased compensation, and the Industrial Commission scheduled a hearing on that question for October 16, 1925.   No hearing was held.   On November 25, 1925, the attorney representing the Falls Manufacturing Company wrote the Industrial Commission making inquiry as to the amount of the penalty incurred because of the violation of Safety Order No. 25 of the Industrial Commission, and was advised by a letter from the commission, dated December 12, 1925, that the amount of the penalty was $474.86.

On January 21, 1926, plaintiff signed the following receipt:

"Whereas, the petitioner was injured while in the employ of the Falls Manufacturing Company; and

"Whereas, primary compensation paid in this case amounts to $3,165.75 and a 15% penalty being assessed thereon the undersigned hereby acknowledges receipt of said sum of $474.86 penalty."

This receipt was received and filed by the Industrial Commission on January 28, 1926.   It is admitted that no money was paid at the time of signing the release, but the parties

had entered into an agreement whereby, in consideration of the release, plaintiff was to be retained at his former wage as long as the plant continued in operation, and he was so continued at the agreed wage until the employer's plant shut down in July of 1930 because of the business depression.

The first time that plaintiff complained because of his not receiving the money stated in the release was in the fall of 1932. A hearing was had before the Industrial Commission on May 10, 1933. Thereafter on June 28, 1933, the Industrial Commission made its findings of fact; among others being the following:

". . . That although the applicant did not receive the amount as set forth in said release, the respondent did, and in consideration of the release in question, comply with the terms of the agreement made between the parties and furnished the applicant employment in its plant, without reduction in wages up until the time the plant of the respondent closed down in the late fall of 1930; that no claim was made to the Industrial Commission by the applicant that he did not receive the increased compensation as evidenced by the receipt he signed dated January 21, 1926, until the early spring of 1933, more than six years following the filing of the release in question with the Industrial Commission. . . ."

The Industrial Commission concluded that because of the failure on the part of the applicant to bring the matter before the commission within six years from the date of the last payment of compensation, that the claim of the applicant was barred by the statute of limitations, and dismissed the application for increased compensation.

On the trial in the court below the order of the Industrial Commission, dated June 28, 1933, dismissing the application of the plaintiff for increased compensation, was in all respects confirmed.

Sec. 102.16 (1), Stats. 1923, which was in effect at the time of the accident in question, provides:

"Any dispute or controversy concerning compensation . . . shall be submitted to said Industrial Commission in the man-

ner and with the effect provided in sections 102.03 to 102.34, inclusive. Every compromise of any claim for compensation . . . shall be subject to be reviewed by, and set aside, modified or confirmed by the commission upon application made within one year from the time of the compromise."

The last sentence of the statute above quoted was amended by ch. 171, Laws of 1925, so as to read as follows:

". . . Every compromise of any claim for compensation . . . shall be subject to be reviewed by, and set aside, modified or confirmed by the commission . . . within one year from the . . . *date* such compromise *is filed with the commission.*"

The agreement entered into between the plaintiff and his employer in January, 1926, was a compromise of the claim by the plaintiff for increased compensation. Both parties knew the exact amount in dispute as had been determined by the commission. Plaintiff demanded payment. The employer denied liability for such increased compensation. The parties agreed upon the compromise to which reference has been made. The plaintiff waived payment of the increased compensation and acknowledged receipt therefor in consideration of the promise of continued employment at full pay while his employer's factory was in operation. The employer fully performed his part of the agreement.

The receipt was filed with the commission on January 28, 1926. The statute then in effect limited the time for review of the compromise to one year after the date of such filing. The Industrial Commission and the trial court also held that the six-year statute of limitations applied, and that more than six years elapsed between the date of the accident, January 2, 1925, and the request for a hearing by plaintiff's attorney, dated July 20, 1932.

This court in *Federal Rubber Co. v. Industrial Comm.* 185 Wis. 299, 201 N. W. 261, held that where an employee re-

ceived some compensation, but filed no claim for the destruction of the sight of his eye until about seven years after the accident, his right to enforce a claim for compensation was barred by the six-year statute of limitations. This decision was made in December of 1924.

In 1929 the legislature amended sec. 102.12, Stats., by adding thereto:

". . . In no event shall the right of an employee, his legal representative or dependent, to proceed under section 102.17 extend beyond six years from the date of injury or death or from the date that compensation (other than medical treatment or burial expenses) was last paid, whichever date is most recent."

In *J. I. Case Co. v. Industrial Comm.* 210 Wis. 574, 577, 246 N. W. 591, the commission entered an award on stipulated facts, and the court held that "under the Workmen's Compensation Act, it [the commission] had no power or jurisdiction to meddle with this award after the expiration of one year from its date." Citing *Hotel Martin Co. v. Industrial Comm.* 182 Wis. 79, 195 N. W. 865.

The judgment of the trial court must be affirmed.

*By the Court.*—Judgment affirmed.