BELLRICHARD and others, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*December 7, 1945—January 8, 1946.*

232

The cause was submitted for the appellants on the brief of *McGowan & Geffs* of Janesville; for the respondents state of Wisconsin and Industrial Commission on the brief of the *Attorney General* and *Mortimer Levitan,* assistant attorney general; and for the respondents Bennison & Lane and Liberty Mutual Insurance Company on the brief of *Otjen & Otjen* of Milwaukee.

ROSENBERRY, C. J.    The facts may be stated briefly as follows: Earl Bellrichard was killed while performing services growing out of and incidental to his employment, on November 4, 1942.    He left a widow, Lisetta Bellrichard, and five minor children, one of whom has since died.    He was earning at the time of his death $30 per week.

On March 20, 1943, the widow, Lisetta, filed an application for adjustment of the claim with the commission.    Upon the application so made in due course a hearing was held on the 20th day of April, 1943.    Upon the hearing it appeared that there were in addition to the widow five children.    The only question raised at the hearing, all other jurisdictional facts being admitted, was whether the applicant was legally married to the deceased, and that depended upon whether a prior marriage had been dissolved.    It appears by the testimony that on the 17th day of March, 1923, at the city of Prairie du Chien, Wisconsin, the deceased was married to one Muriel Lewis, now Mrs. George Foreman.    From her testimony it appears that her husband deserted her about six months after their marriage.    She testified that she paid Henry Casson certain sums of money in 1928 for the procurement of a divorce. Henry Casson was a lawyer residing in Madison and gave her some documents which he said amounted to a divorce.    She never attended any hearing in court.    The papers which he

gave her were subsequently accidently burned in the home of her sister. Evidence was produced to the effect that no such proceeding had been had in the circuit court for Dane county, and from a certificate from the register of the bureau of vital statistics it appears that no such proceedings were of record in that office from the county of Dane or any other county. The clerk of the circuit court of Dane county certified that she had made a diligent examination of the files in the office of the clerk of the circuit court and there was no record of such proceeding in that court. It appears from the testimony of Mrs. Foreman that if any such proceedings were had they were had in Dane county because it appears that she was taken to the divorce counsel of that county. It appears that the witness had lived in Madison, had worked in stores, and was not a stranger to the city. Upon the whole evidence, not all of which is stated, the examiner concluded—

"that because the deceased's marriage to Muriel Lewis was not legally annulled or dissolved, the applicant is not entitled to the death benefit,"—

and held that the children were entitled thereto. In accordance with the finding the proper order was entered.

No appeal was taken from the determination of the examiner. On August 4, 1944, an application was filed by Lisetta Bellrichard and the four surviving children of Earl Bellrichard for "such relief as the applicants may be entitled to in the premises." In this application no reference was made to the prior application or hearing had thereon, or the determination which followed it. Upon the filing of the application due notice of hearing was given, the matter was heard by the examiner who found that the claim of Lisetta Bellrichard had been previously adjudicated by the commission and disposed of by Examiner I. M. Kittleson, under date of September 24, 1943, and the commission therefore had no further jurisdiction over her claim.

It was further found that full death benefit has been awarded to the minor children of deceased, named as applicants herein, and that they are not entitled to any further benefits under the compensation act. The order previously made by the commission was reinstated and a further claim on behalf of the minor children named as applicants was denied and the application of Lisetta Bellrichard was dismissed. This determination of the examiner was reviewed by the entire commission and by it affirmed. The action to review the determination of the commission, which is now before this court, was commenced in circuit court on February 8, 1945, on behalf of the children, in which Lisetta Bellrichard did not join.

The principal contentions made by the plaintiffs upon this appeal are three: (1) That the children of the deceased should have been awarded benefits under the provisions of sec. 102.49, Stats. 1943. The material part of that section is as follows:

"(1) Where the beneficiary under section 102.46 or subsection (1) of section 102.47 is the wife or husband of the deceased employee and is wholly dependent for support, an additional death benefit shall be paid from the funds provided by subsection (5) for each child by their marriage living at the time of the death of the employee, and who is likewise wholly dependent upon him for support."

Applying the schedule contained in the remaining part of sec. 102.49, Stats., plaintiffs reach the conclusion that they are entitled to $6,600 under that section; that inasmuch as only $5,415 was awarded to them in the 1943 proceeding, they are now entitled to sufficient additional benefits to make up the deficiency.

(2) While it is conceded that no appeal was ever taken from the determination of the commission made in 1943, it is argued that the minor children, who were not represented by guardian *ad litem* in that proceeding, are not bound by it.

(3) That in this proceeding the applicant children have a right to relitigate the question whether Lisetta Bellrichard was the lawful wife of the deceased.

The trial court, as already stated, held that the finding made by the commission in the 1943 proceeding concluded Lisetta Bellrichard as to her rights as a claimant under the Workmen's Compensation Act. The failure of Lisetta Bellrichard to join in this action for review is a final acquiescence by her in the conclusion of the commission that she was not entitled to benefits under the statute. This determination of the commission was the determination of the status of the claimant and bound not only her but the world so far as proceedings for compensation under the Workmen's Compensation Act is concerned. Sec. 102.23 (1), Stats.

Sec. 102.17 (1) (a), Stats., provides: "Upon the filing with the commission by any party in interest of any application in writing stating the general nature of any claim as to which any dispute or controversy may have arisen, it shall mail a copy of such application to all of the parties in interest and the insurance carrier shall be deemed a party in interest.

The proceeding instituted by any party in interest is the only proceeding authorized by the Workmen's Compensation Act (ch. 102, Stats.) regarding compensation and benefits (sec. 102.16, Stats.). The act contemplates that by this procedure all parties in interest are to be brought before the commission and their rights under the act determined. In such a proceeding the facts as found by the commission are made conclusive. This means that every party in interest is concluded by the finding made so long as the commission acts within its powers (sec. 102.23 (1) (a), Stats.). The provision as to the conclusiveness of the finding of fact made by the commission was not altered by the enactment of ch. 227, Stats., because that act does not include proceedings before the Industrial Commission in matters arising out of the Workmen's Com-

pensation Act or the Unemployment Compensation Act. Sec. 227.01 (1).

The attempt of the plaintiffs in this action to relitigate the status of Lisetta Bellrichard as a claimant cannot be sustained. The right of the children to be compensated under sec. 102.49, Stats., is dependent upon the existence of a wife of the deceased husband who is wholly dependent for support upon him. The facts as conclusively found by the commission show that the mother of the children was not the wife of the deceased and therefore could make no claim under the statute to benefits of any kind, hence the very first condition of sec. 102.49 fails and that section has no application under the facts of this case. No matter how many times her status might be relitigated under the law of this state, Lisetta Bellrichard can never become a successful claimant under the Workmen's Compensation Act and so the order of the commission awarded full death benefits to the children in accordance with the provisions of sec. 102.46, which under the circumstances of this case is the applicable section. The examiner, the commission, and the trial court correctly so held.

We have given consideration to the very earnest argument advanced by the plaintiffs to the effect that minor children are not bound by the determination of the Industrial Commission in a proceeding in which they are not represented by a guardian *ad litem*. While it is not strictly necessary to a decision of this case, it is considered that the following comment may be relevant: In *Menominee Bay Shore L. Co. v. Industrial Comm.* (1916) 162 Wis. 344, 347, 156 N. W. 151, the same contention made here by the appellants was made in that case. In that case a minor was injured and application was made for compensation. A compromise was made in accordance with the provisions of the statute, and it was urged that the applicant was not bound by the award or the stipulation because he was not represented in the proceedings by a guardian. On

the other side it was contended that such an award is binding because a guardian in such a proceeding is not essential. The court said:

"The Industrial Commission is not a court. It is an administrative body, merely. No authority is cited to our attention, and we are unable to find any, that a guardian is jurisdictionally essential to proceedings in behalf of a minor by such a body, in the absence of a statute requiring it. The Workmen's Compensation Act makes no such requirement. It seems to contemplate that a minor, the same as an adult, may make application to the Industrial Commission to determine the compensation which should be awarded in case of his receiving a personal injury under such circumstances as to warrant a recovery therefor by proceedings before such commission. He need not, necessarily, be represented by a guardian. Sub. (2), sec. 2394—7, Stats. [now sec. 102.07, Stats. 1943], provides that minors 'who are legally permitted to work under the laws of the state' 'for the purposes of sec. 2394—8, *shall be considered the same* and shall have the same power of contracting as adult employees.'

"It is quite significant that minors, mentioned, for the purposes indicated, are not only empowered to contract to the same extent as adults, but are, for all such purposes, to be considered the same as adults. That is a pretty plain legislative declaration that a guardian to represent a minor, in matters within the jurisdiction of the Industrial Commission under the Workmen's Compensation Law, is not essential.

"Sec. 2394—8, referred to in sub. (2) aforesaid, provides that any employee, as defined in such subsection 'shall be deemed to have accepted and shall, within the meaning of sec. 2394—3, be subject to the provisions of secs. 2394—3 to 2394—31, inclusive,' in cases which include the one in question. Thus the entire Workmen's Compensation Act is covered, as the sections referred to are all there is of it." See *Hiebert v. Howell* (1938), 59 Idaho, 591, 85 Pac. (2d) 699, 120 A. L. R. 388, and note beginning on p. 395.

So far as our information goes, the decision in the case of *Menominee Bay Shore L. Co. v. Industrial Comm., supra,* has never been modified. In hundreds of cases that have been

brought to this court since 1916, so far as our recollection goes, no guardian *ad litem* has been appointed to represent minors in proceedings before the Industrial Commission.

We have made some investigation, and it appears that in twenty-seven states no guardian *ad litem* is required in proceedings for compensation; four states require a guardian in case of lump-sum payments but no guardian where compensation is paid monthly; in two states a guardian is required for employees under eighteen years of age; in eleven states the appointment of a guardian is required in all cases.

While it is true that *Menominee Bay Shore L. Co. v. Industrial Comm., supra,* involved the matter of compensation to an injured employee, the language of the decision is broad and, as the court pointed out, covered every phase of the act. If there is to be imposed upon a proceeding before the Industrial Commission a requirement that a guardian *ad litem* must be appointed wherever the interests of a minor are involved, the imposition of that requirement should be made by the legislature and not by this court. It is the clear intent and purpose of the Workmen's Compensation Law of this state to make the proceedings leading to award of benefits as simple and summary as is consistent with the protection of the interest of all parties. So far as the writer can recall, the contention made in this case with respect to the appointment of a guardian *ad litem* has been made in none of the cases that have come before the court in the last thirty years. This case would not be before the court were it not for the fact that in this case there were five very young children, and under the schedule of benefits the total amount of benefits under sec. 102.49, Stats., exceed those provided by sec. 102.46, by approximately eight per cent.

*By the Court.*—Judgment affirmed.