Metropolitan Casualty Insurance Company, Appellant, vs. Industrial Commission and others, Respondents.

*November 9—December 4, 1951.*

[redacted]

For the appellant there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *John A. Kluwin.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

CURRIE, J. Three questions are presented on this appeal:

(1) Does the payment by Metropolitan to applicant and the taking of the general release from him in 1928 constitute

a *"compromise"* within the provisions of sec. 102.16 (1), Stats. 1927, so as to bar any further claim by applicant for such injury after the lapse of one year from November 12, 1928?

(2) Does the six-year statute of limitations bar applicant's claim?

(3) Did the dissolution of the employer corporation, and the lapse of three years from the effective date thereof, abate applicant's claim?

Sec. 102.16 (1), Stats. 1927, provided in part:

"Any dispute or controversy concerning compensation under sections 102.03 to 102.34, including any in which the state may be a party, shall be submitted to said industrial commission in the manner and with the effect provided in sections 102.03 to 102.34. Every compromise of any claim for compensation under sections 102.03 to 102.35, shall be subject to be reviewed by, and set aside, modified, or confirmed by the commission within one year from the date such compromise is filed with the commission, or from the date an award has been entered, based thereon. . . ."

In *Nowiny Publishing Co. v. Kappl* (1925), 187 Wis. 30, 203 N. W. 740, a doubtful claim for workmen's compensation in the case of a death from Bright's disease alleged to have been caused by lead poisoning was compromised for $400 and the stipulation of settlement was filed with the commission but no application to set aside, modify, or confirm it was ever made. This court held that such compromise would be enforced according to its terms, because not set aside by the commission within one year. In other words, after one year any further claim was barred.

Appellant contends that by reason of this court's decision in *Nowiny Publishing Co. v. Kappl, supra,* applicant's claim for further benefits was barred upon the lapse of one year from November 12, 1928 (the date of filing the release from applicant), because of the one-year requirement of

sec. 102.16 (1), Stats. 1927, for reviewing, setting aside, or modifying the same.

The respondents do not quarrel with the principle of law upon which appellant bases its argument, but contend that in the instant case there has been no *"compromise"* within the meaning of the statute.

In *Chilton v. Willford* (1853), 2 Wis. *1, *6, this court said, in speaking of the word *"compromise:"*

"The term is sufficiently definite in its meaning, and implies either a mutual submission of matter in dispute to arbitrators or judges chosen by the parties, or an adjustment of such matters in dispute by the parties, by mutual concessions. 1 Bouv. Law Dict.; 1 Burrill's Law Dict., Title, Compromise."

Likewise, in *Continental Nat. Bank v. McGeoch* (1896), 92 Wis. 286, 312, 66 N. W. 606, this court said:

"A compromise is defined to be: 'A settlement of differences by mutual concessions.' Cent. Dict. 'A mutual yielding of opposing claims; the surrender of some right or claimed right in consideration of a like surrender of some counterclaim.' Anderson, Law Dict. The dispute or opposing claims may arise from some uncertainty in regard to the facts or the law and the facts together. Black, Law Dict."

In the case of *Federal Rubber Co. v. Industrial Comm.* (1924), 185 Wis. 299, 201 N. W. 261, the applicant employee executed a release, reading as follows:

"Received of Federal Rubber Manufacturing Company the sum of three hundred thirty-two and 56/100 dollars in full settlement and satisfaction of a claim by me against said Federal Rubber Manufacturing Company based upon an injury received while in its employ on the fifteenth day of September, 1913, which caused a disability from said date until the sixth day of January, 1914.

"This sum also includes $186.55 paid for medical and surgical treatment, medicines and supplies necessary to cure

and relieve me from the effects of the injury." (Taken from printed case.)

This court, in its opinion in that case, held that the one-year limitation of sec. 102.16 (1), Stats. 1923, did not apply because *"there was no compromise settlement."*

Appellant relies on the case of *J. I. Case Co. v. Industrial Comm.* (1933), 210 Wis. 574, 246 N. W. 591, in support of its position that a dispute between the parties is not essential in order to have a compromise, within the meaning of sec. 102.16 (1), Stats. 1927. In that case, after the employer had been making monthly payments of workmen's compensation to the employee, the commission wrote to both parties that, as there appeared to be no dispute between the parties, a stipulation be executed by the parties and submitted to the commission so that the commission might make an award and close the matter. In response to this, a joint letter signed by the employer and the employee was addressed to the commission stating the facts, and that there was no dispute with respect to the same, and that the physician's report estimating the permanent disability at fifty per cent of the right arm at the shoulder was inclosed. On December 10, 1928, the commission made an award finding the permanent disability to be fifty per cent of the right arm at the shoulder, and directing the method of payment of the balance of compensation due. On December 14, 1931, the commission, having reopened the case at the request of the employee, made a second award whereby the disability was increased from fifty to sixty-five per cent of the right arm at the shoulder, and the employer instituted action to set aside the award. The commission took the position that the only limitation which applied was the six-year statute, contending that the one-year limitation did not apply because there was no award upon a compromise because of there having been no dispute between the parties, and

no mutual concession made, and that it was not a statutory award which would be barred at the end of twenty days. The reason it was contended that it was not a statutory award was that the statute provided only for submission to the commission of claims "as to which any dispute or controversy may have arisen" within the meaning of sec. 102.17 (1), Stats. 1927. This court in its opinion did not give any consideration to the question of whether or not there had been a compromise made, but held that the element of dispute is not essential to constitute a justiciable controversy, and that there may be a justiciable controversy sufficient to give jurisdiction to the commission to make a statutory award where all the facts and the law are admitted by the parties. The court also held that the award in this instance was authorized by Rule 10 of the commission, which provided that the parties might stipulate the facts in writing and the commission might thereupon make its order of award. The conclusion was reached that the commission had authority and jurisdiction to enter the award of November 12, 1928, and had no power or jurisdiction to "meddle" with the same after the expiration of one year from this date.

Appellant contends that because this court in *J. I. Case Co. v. Industrial Comm., supra,* stated that there was no power or jurisdiction in the commission to change or modify its award after the expiration of one year from its date, this court in effect held that there was a compromise because the one-year limitation applies only to awards based upon compromise. The court having found that an award had been made in a case where a justiciable controversy existed, it should have found that the commission lost jurisdiction after the expiration of the twenty-day period specified in sec. 102.18, Stats. 1927, for modifying or changing, or setting aside of the award, and not the one-year period set

forth in sec. 102.16 (1). The opinion of the court made no reference to the decision in *Federal Rubber Co. v. Industrial Comm., supra,* and we do not consider that the court intended to repudiate or overrule the latter case.

In the instant case there were no opposing claims between the applicant and his employer and no mutual concessions. The only question was which of the two insurance carriers was liable. As soon as Metropolitan had assured itself that the accident had occurred in November instead of October, 1927, it assumed full liability and paid to the applicant the full amount of compensation claimed. We are therefore of the opinion that such payment, together with the obtaining and filing of the applicant's release, did not constitute a *"compromise"* as such term is used in sec. 102.16 (1), Stats. 1927, and the one-year limitation of such statute does not apply.

Appellant further contends that applicant's claim for compensation is barred by the six-year limitation. When the accident occurred in the present case the Compensation Act contained no provision regarding the time for filing applications for compensation. In *Federal Rubber Co. v. Industrial Comm., supra,* this court by a four-to-three decision held that the six-year provision in ch. 330, Stats., applied to the enforcement of claims under the Compensation Act. The first limitation expressly limiting the right to proceed under the Compensation Act was enacted by ch. 453, sec. 3, Laws of 1929, which added the following to sec. 102.12, Stats. 1927:

". . . In no event shall the right of an employee, his legal representative, or dependent, to proceed under section 102.17 extend beyond six years from the date of injury or death or from the date that compensation (other than medical treatment or burial expenses) was last paid, whichever date is most recent. . . ." (This provision with im-

material alterations was renumbered sec. 102.17 (4), Stats., by ch. 403, sec. 18, Laws of 1931.)

Under the general six-year statute of limitations, as well as the special provision now in the Compensation Act, the limitation is upon the time in which proceedings can be commenced and once proceedings are commenced such limitation has no further application.

The filing of applicant's claim for compensation on September 28, 1928, constituted a commencement of proceedings under the provision of sec. 102.17, Stats. 1927, so that proceedings were commenced within the six-year limitation period.

Appellant relies on the decision of this court in *Putnam v. Industrial Comm.* (1935), 219 Wis. 217, 262 N. W. 594, as supporting its contention that any claim applicant may have had for injuries sustained in 1927 was barred six years after the date of injury by the six-year statute of limitations. In that case, the employee Putnam was injured while in the employ of the Falls Manufacturing Company on January 2, 1925. Stipulations of fact were entered into on March 20, 1925, and on June 4, 1925, the commission entered an award for the primary compensation reserving jurisdiction to determine the question of liability under sec. 102.09 (5) (h), Stats., which provided for increased compensation of fifteen per cent where the injury was caused by the employer's failure to comply with any safety statute or order of the commission. Thereafter, the employer and the employee entered into a compromise settlement of the increased-compensation matter, and a release was signed by the employee covering payment of such increased compensation which was filed with the commission on January 28, 1926. Later, the employee made application to the commission for increased compensation but more than six years had elapsed between the time of the filing of the receipt and such request

for hearing. This court in its decision held that Putnam's claim for increased compensation was barred both by the one-year limitation applicable in the case of a compromise, and the six-year limitation. The filing of the stipulation of facts entered into on March 20, 1925, with the request that an award be made thereon, invoked the jurisdiction of the commission and constituted a commencement of proceedings to the same extent as if the applicant had filed an application for compensation, and therefore the six-year statute of limitations had no application. Any statements of the court appearing in the decision of *Putnam v. Industrial Comm.,* *supra,* inferring that the six-year limitation was applicable are *obiter dicta,* because not necessary to support the judgment inasmuch as the one-year limitation did unquestionably apply.

The third and last contention made by appellant is that any cause of action against Metropolitan was abated three years after the effective date of the dissolution of the employer corporation because of the provisions of secs. 181.02 and 181.03, Stats. 1939.

In *State ex rel. Pabst v. Circuit Court* (1924), 184 Wis. 301, 199 N. W. 213, this court held that the debts of a dissolved corporation are not extinguished after the lapse of three years of the effective date of voluntary dissolution even though the corporation ceased to exist, and creditors may follow assets into the hands of stockholders. When applicant sustained a compensable injury the employer became obligated to pay in accordance with the provisions of the Workmen's Compensation Act. The employer's obligation was the equivalent of a debt, and the dissolution of the corporation did not extinguish such debt. The insurance carrier by writing a compensation policy agreed to assume the liability of the employer under the Compensation Act. Since the liability of the employer continued, but merely became unenforceable by compensation proceedings, the dissolution of the corpo-

ration did not relieve the insurance company from its undertaking any more than would the death of an individual employer.

Appellant cites no cases directly in point holding that the dissolution of an employer corporation abates the injured employee's claim for workmen's compensation against the employer's insurance carrier. It does cite *Thomas v. Industrial Comm.* (1943), 243 Wis. 231, 237, 10 N. W. (2d) 206, wherein this court stated:

". . . the conclusion cannot be avoided that establishment of a liability of the employer under the act to the employee or dependent is a condition precedent to any liability by the insurance company. In this respect, the situation is analogous to insurance policies covering liability for the operation of motor vehicles."

When this court stated in *Thomas v. Industrial Comm., supra,* that the establishment of the liability of the employer is a condition precedent to any liability by the insurance carrier, it meant that there must be liability on the part of the employer in the first instance as of the moment the accidental injury occurs in order to hold the insurance carrier liable. However, in a case where there is liability by the employer as of the instant that the accident occurs, there is liability on the part of the insurance carrier and such latter liability continues even though the injured employee may be unable thereafter to enforce his claim for workmen's compensation against the employer because of the latter ceasing to exist.

*By the Court.*—Judgment affirmed.