STATE EX REL. STATE ASSOCIATION OF Y. M. C. A. OF WISCONSIN, Appellant, vs. RICHARDSON, Town Clerk, and another, Respondents.

*November 8—December 4, 1928.*

For the appellant there was a brief by *Richard B. Runke* of Merrill, attorney, and *H. E. Andrews* and *Walter H. Bender,* both of Milwaukee, of counsel, and oral argument by *Mr. Bender* and *Mr. Andrews.*

For the respondents there was a brief by *Frank W. Carter* of Eagle River, attorney, and *Eberlein & Larson* of Shawano, of counsel, and oral argument by *Mr. M. G. Eberlein* and *Mr. Carter.*

A separate brief was also filed by *Ernst von Briesen* of Sheboygan, as *amicus curiæ.*

ROSENBERRY, J. The exemption is claimed under sec. 70.11, Stats.:

"The property in this section described is exempt from taxation, to wit: (1) . . . (2) . . . (3) . . .

"(4) Personal property owned by any religious, scientific, literary, educational or benevolent association, or by fraternal societies, orders or associations operating under the lodge system, except university, college and high school fraternities and sororities, which is used exclusively for the purposes of such association, and the real property necessary for the location and convenience of the buildings of such association and embracing the same, not exceeding ten acres; provided, such real or personal property is not leased or otherwise used for pecuniary profit," etc.

From the time of the organization of the state, places of public worship and buildings belonging to associations devoted to religious, benevolent, charitable, and scientific purposes, with the real estate appurtenant thereto, have been exempted from taxation. At first there was no restriction

as to the amount of exempt real estate. By sec. 3 of ch. 538 of the Laws of 1865, it was provided that as to places of public worship the exempt real estate should be limited to ten acres. As to buildings belonging to scientific, literary, or benevolent associations, the exempt real estate should be limited to forty acres. By ch. 130 of the Laws of 1868, the exempt real estate of religious, scientific, literary, or benevolent associations was reduced to ten acres, and by ch. 125 of the Laws of 1870 the restriction of ten acres was increased "in case of a chartered college or university" to forty acres. These limitations have applied from that time to this.

It is not disputed that the relator is a religious, educational, and benevolent association within the meaning of the statute. On the one hand it is contended that the total exemptions within the state cannot exceed ten acres; that the relator, having claimed an exemption of its property in Waukesha county, cannot therefore claim a second exemption in Vilas county. On the other hand it is contended that the matter of whether or not property is exempt is to be determined with reference to each taxing district except as otherwise provided by statute, and that an association of the specified kind may therefore claim the exemption provided for by the statute as to its property in each taxing district.

It is quite apparent that the legislature, by the restriction adopted in 1865, did not intend to permit associations of this character to acquire large bodies of land which should be exempt from taxation. In addition to the limitation as to area, it provided that only land necessary for the location and convenience of the buildings of such association should be exempt. Therefore an exemption cannot be claimed as to premises wholly vacant and unoccupied.

We need not again discuss the public purposes underlying the enactment of exemption statutes such as that in question here, nor need we again set forth the rules of construction which are applicable in cases of this kind. The evident purpose of this statute was to encourage the establishment of

the work of associations of the kinds enumerated. It is considered that it was not the legislative intent and purpose to limit the exemption to a single taxing district. If an association were entitled to but a single exemption in the state, the statute provides no method by which the taxing district in which the exemption is to be claimed shall be determined. Taking into consideration the public purposes to be promoted by exemption of property of the associations enumerated, it is considered that the exemption applies as to each taxing district within the state.

If we were in doubt as to the proper construction to be placed upon the statute, we should have to give much weight to the practical construction which has been placed upon the statute ever since its enactment. Certain religious bodies and orders, hospital associations, associations for the care of orphans, etc., have maintained establishments in more than one taxing district for many years, practically throughout the history of the state. The exemption of this property has been claimed and allowed in each taxing district without reference to exemptions claimed in other taxing districts. If we were to place the construction upon the statute contended for by the respondent, it would overturn a construction which has been acted upon for more than fifty years in the administration of the tax laws. If but one exemption is to be allowed to these bodies, including the relator, the legislature should make that plain beyond question in view of the established practice.

We conclude, therefore, that the relator was entitled to the exemptions claimed by it as to its property situated in the town of Boulder Junction, Vilas county.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to set aside the determination of the town board of the town of Boulder Junction, in Vilas county, and for further proceedings in accordance with this opinion.