J. I. Case Company, Respondent, vs. Industrial Commission, Appellant.

*January 13—February 7, 1933.*

, For the appellant there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent there was a brief by *Upham, Black, Russell & Richardson,* and oral argument by *Chas. W. Reeder,* all of Milwaukee.

Owen, J. On the 24th day of November, 1925, Bernard Flanigan, while in the employ of the J. I. Case Threshing Machine Company, predecessor of the plaintiff corporation, sustained an accident, resulting in some permanent disability to his right arm. The employer made monthly payments of workmen's compensation to the employee until November

12, 1928, at which time the Industrial Commission wrote to the employer and employee that, as there appeared to be no dispute between the parties, and that compensation was being paid to the employee on the basis of a report made by one Doctor Wagner, dated June 14, 1928, a stipulation be executed by the parties and submitted to the commission, so that the commission might make an award and "bring this file to a close." The letter further stated that "after the stipulation is submitted the commission will compute the amount due, giving credit for the amount already paid, and direct the method of payment of the balance due." In response to this communication a letter was addressed to the commission stating the facts, and that "Doctor Wagner's report, dated June 14, 1928, estimated the permanent disability at fifty per cent. of the right arm at the shoulder." The letter further stated that there was no dispute between the parties on the essential facts, and was signed by both employer and employee. On the 10th day of December, 1928, the Industrial Commission made an award in favor of the employee and against the employer, directing the method of payment of the balance due.

On July 20, 1931, attorneys for the employee wrote to the Industrial Commission asking that the matter be reopened for further proof as to the extent of the employee's permanent disability, whereupon the Industrial Commission gave notice of a further hearing. Further evidence concerning the extent of the employee's disability was received, and on the 14th day of December, 1931, the Industrial Commission made a second award for an increased disability of the applicant from fifty to sixty-five per cent. to the right arm at the shoulder, and fixed the indemnity at the rate of $2.13 per week for 297 weeks, making a total compensation of $893.51.

This action was brought to set aside the latter award, and the appeal is from the judgment of the circuit court vacating the same.

The award appealed from is challenged, and the circuit court vacated it, on the ground that the Industrial Commission had no jurisdiction to enter the second award, or to modify or in any manner interfere with its former award after the lapse of one year from the date of its rendition. The contention is that the first award was not an award at all, because there was no dispute or controversy between the parties upon which the Industrial Commission could enter an award. This contention is based upon sub. (1) of sec. 102.16, Stats. 1927, providing in part that "Any dispute or controversy concerning compensation under sections 102.03 to 102.34, including any in which the state may be a party, shall be submitted to said Industrial Commission," etc.; the provision of sub. (1) of sec. 102.17, Stats. 1927, that "Upon the filing with the commission by any party in interest of any application in writing stating the general nature of any claim as to which any dispute or controversy may have arisen, it shall mail a copy of such application to all other parties in interest," etc., and on the provision of sec. 102.18, Stats. 1927, that "After final hearing by said commission, it shall make and file (1) its findings upon all the facts involved in the controversy, and (2) its award, which shall state its determination as to the rights of the parties."

It is contended that there was no controversy here, and authorities are cited to the effect that a controversy consists in the allegation of fact on one side which is denied by the other side. There is no doubt but what in one, and perhaps a rather limited, sense a controversy may properly be so defined. But such element of dispute is not essential to constitute a justiciable controversy. There may be a justiciable controversy sufficient to give jurisdiction to administer relief where all of the facts and the law are admitted by all the parties. This is quite clearly pointed out in *Metropolitan Railway Cases,* 208 U. S. 90, 28 Sup. Ct. 219.

In this case it was not disputed that the employee had been injured, and that he was entitled to compensation, but the

amount of compensation to which he was entitled had not been determined. It was no doubt with the view of having the amount to which he was entitled authoritatively ascertained and fixed, that the Industrial Commission wrote its first letter suggesting a stipulation of the facts.

Sec. 102.15, Stats. 1927, provided that "Subject to the provisions of sections 102.03 to 102.34, inclusive, the commission may adopt its own rules of procedure and may change the same from time to time in its discretion." Among the rules adopted pursuant to this authorization is rule 10 of the Industrial Commission, which provides:

"Parties to a controversy may stipulate the facts in writing and the commission may thereupon make its order or award. Stipulations must set forth in detail the manner of ·computing the compensation due and must be accompanied by a report from a physician, stating the extent of the disability."

The stipulation furnished in this instance complied exactly with this rule. All of the facts were stipulated, and the nature of the report of the physician, which the Industrial Commission apparently had on file, was stated. While the report of this physician was not binding upon either of the parties, nor the Industrial Commission, yet neither of the parties at that time challenged the report, and the Industrial Commission evidently acted upon it, as it apparently assumed the right to do under the rule just quoted.

It· seems clear that the Industrial Commission had full authority and jurisdiction to enter the award of November 12, 1928, and, under the workmen's compensation act, it had no power or jurisdication to meddle with this award after the expiration of one year from its date. This case is very similar to *Hotel Martin Co. v. Industrial Comm.* 182 Wis. 79, 195 N. W. 865, and the conclusion here reached might well be rested upon that case.

*By the Court.*—Judgment affirmed.