GREEN BAY SUGAR COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 12—February 15, 1938.*

For the appellants there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan*.

FAIRCHILD, J.   Percy P. Conley, while an employee of the Green Bay Sugar Company, injured his right eye, August 28, 1920.   Plaintiff claims a settlement was made and approved by the Industrial Commission, foreclosing the present claim.   Evidence of the compromise, and settlement of Conley's claim against his employer and the approval thereof, appear from letters and notations as follows: On December 23, 1920, Conley made informal application for the determination of his permanent disability. On January 5, 1921, he wrote to the commission that his eye was useless for industrial purposes, and that the Insurance Company had offered him a settlement on the basis of fifty per cent loss of vision of the right eye.   On January 11, 1921, the commission wrote Conley informing him that if he was not satisfied, he could consult a physician of his own choosing, but that before the commission would approve any settlement between the Insurance Company and Conley, a doctor's report had to be filed.   The commission also stated that if it appeared that a doctor of Conley's choice agreed with Dr. Bellin, there was no reason for delaying the settlement.   On January 18, 1921, the commission wrote Conley that if he and the Insurance Company could not agree upon a satisfactory disposition of the matter, a hearing could be had before the commission.   On January 15, 1921, Conley made a settlement with the Insurance Company on the basis of fifty per cent permanent loss of vision of the right eye.   On June 10, 1921, the commission wrote to the Warren Insurance Agency request-

ing a supplementary doctor's report of Dr. Bellin. On July 6, 1921, the commission wrote to the Insurance Agency that they could not find any statement or notice that the settlement between Conley and the company had ever been approved by them, and they requested the doctor's report. In a letter dated September 10, 1921, the Insurance Agency sent a doctor's report dated January 15, 1921, and estimating the loss of vision at fifty per cent, informing the commission that they were under the impression that the settlement had been approved, and requesting the commission to inform them when the settlement was approved. In the handwriting of a representative of the commission, there appears on that letter, "Is this settlement approved. Exact reading attached." On September 8, 1921, the commission wrote to the agency acknowledging receipt of the doctor's report, stating that it would appear from his report that the loss of sight in the eye was equivalent to fifty per cent. In handwriting there appears on the recorded copy of that letter, "Company have paid for H. P. in add. to perm. May I close?" and also "Close N. 9–28–21."

The defendant denies the effect of the 1921 correspondence as being a full and complete settlement and relinquishment of future claims, and asserts that all claim for permanent disability was not compromised, but that the payment was of an amount due. Conley now claims that his disability was fifty per cent in 1921; that his vision subsequently grew worse until he completely lost the use of his injured eye. The award now under review allows him compensation for the loss of vision which he claims to have experienced since 1921, and which he claims results from the original injury and not from intervening causes. After reviewing the correspondence between Conley and the Industrial Commission and the employer's insurance carrier and the commission, which also discloses the negotiations between the plaintiff

and defendant Conley preceding the adjustment in 1921, we are of the opinion that controversy over the extent of the permanent disability existed in 1921, Conley then claiming complete disability of the eye, and was presented to the Industrial Commission and that the settlement agreed upon between the parties was confirmed. This the evidence shows without credible evidence to the contrary. Therefore the facts disclosed by this record bring the case well within sec. 2394—15, Stats. 1921, which expressly authorized settlements subject to certain safeguards, and the result is controlled by the rule of the cases of *Hotel Martin Co. v. Industrial Comm.* 182 Wis. 79, 195 N. W. 865, and *J. I. Case Co. v. Industrial Comm.* 210 Wis. 574, 246 N. W. 591.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment vacating the award of the Industrial Commission.