WISCONSIN AXLE DIVISION (Timken-Detroit Axle Company), Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.*

*March 6—March 31, 1953.*
*September 11—October 6, 1953.*

* Rehearing granted, opinion on rehearing, post, p. 537.

The cause was submitted for the appellant on the briefs of *Otjen & Otjen* of Milwaukee, and for the respondent Industrial Commission on the brief of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

FRITZ, C. J.    The brief of the attorney general in behalf of the commission contends that the original stipulation was based on a "stipulation of settlement" and inasmuch as the word "compromise" did not appear therein, therefore, under the provisions of sec. 102.16 (1), Stats., the six-year limitation in sec. 102.17 (4) applies; and that the so-called "additional" order of January 5, 1945, had the effect of starting a new six-year period of limitation in operation, so that the

application of the employee filed April 24, 1950, for further benefits fell within such new six-year period. It is the position of employer, on the other hand, that the original stipulation upon which the original order of December 1, 1943, constituted a stipulation of facts, and not a stipulation of settlement, and therefore the twenty-day limitation provided in sec. 102.18 (3) applies, and that the further stipulation entered into by the employer upon which the "additional" order of January 5, 1945, was made was a voluntary act on the part of the employer which had no legal effect.

Rule 10 of the Workmen's Compensation Rules of Practice of the Industrial Commission provides that parties to a controversy may stipulate the facts in writing and the commission may thereupon make its finding or award, and requires that such a stipulation be accompanied by a report from the physician stating the extent of the disability. The obvious purpose of such a rule is to expedite procedure and make it unnecessary to hold a formal hearing and take testimony, the stipulated facts being intended as a substitute for testimony taken at a formal hearing. On the other hand, a "stipulation of settlement" as such term is used in sec. 102.16 (1), Stats., embraces within its meaning a compromise of liability as is made clear from the context of such statute which provides in part as follows:

"Every compromise of any claim for compensation may be reviewed and set aside, modified, or confirmed by the commission within one year from the date such compromise is filed with the commission, or from the date an award has been entered, based thereon, or the commission may take such action upon application made within such year. Unless the word 'compromise' appears in a stipulation of settlement, the settlement shall not be deemed a compromise, and further claim shall not be barred except as provided in section 102.17 (4) irrespective of whether award is made."

This court held in *Metropolitan Casualty Ins. Co. v. Industrial Comm.* (1951), 260 Wis. 298, 50 N. W. (2d) 399, that where there are no opposing claims between the employer and the employee, and the employer assumes full liability for the amount of compensation claimed by the employee, there is no "compromise" within the meaning of the statute. At the time the employer and the employee entered into the stipulation of facts dated September 30, 1943, the medical report of Dr. Schumm stated that the permanent disability of the employee was 20 per cent to 25 per cent loss of the left leg at the hip, and the employee then made no claim that he was entitled to more than the top estimate of 25 per cent loss of the leg at the hip by Dr. Schumm. The employer, by stipulating that the percentage of disability at the hip was 25 per cent, assumed full liability for all the disability claimed by the employee as shown by the medical report and therefore in no sense did such stipulation constitute a "compromise," and, not being a compromise it could not be a "stipulation of settlement" within the meaning of sec. 102.16 (1), Stats.

In our consideration of the case of *Metropolitan Casualty Ins. Co. v. Industrial Comm., supra,* the case of *J. I. Case Co. v. Industrial Comm.* (1933), 210 Wis. 574, 246 N. W. 591, was cited in the briefs of counsel on the question of whether or not the stipulation upon which the award was entered in such latter case constituted a "compromise." The brief of the attorney general in behalf of the commission contended that the stipulation therein was not a compromise but a stipulation of facts (being exactly the opposite position now taken by the attorney general in the case at bar), while the brief in behalf of the appellant insurance carrier contended that the stipulation was a "compromise." In our consideration of the *J. I. Case Co. v. Industrial Comm. Case* in *Metropolitan Casualty Ins. Co. v. Industrial Comm., supra,* we agreed with the contention of the attorney general and stated (p. 305) :

"This court in its opinion [in *J. I. Case Co. v. Industrial Comm., supra,*] did not give any consideration to the question of whether or not there had been a compromise made, but held that the element of dispute is not essential to constitute a justiciable controversy, and that there may be a justiciable controversy sufficient to give jurisdiction to the commission to make a statutory award where all the facts and the law are admitted by the parties. *The court also held that the award in this instance was authorized by Rule 10 of the commission, which provided that the parties might stipulate the facts in writing and the commission might thereupon make its order of award.* . . .

"The court having found that an award had been made in a case where a justiciable controversy existed, *it should have found that the commission lost jurisdiction after the expiration of the twenty-day period specified in sec. 102.18, Stats. 1927, for modifying or changing, or setting aside of the award,* . . ." (Emphasis supplied.)

If an award upon a stipulation of facts embodying no element of compromise were not to be accorded the same finality as is accorded to an award made upon hearing, there would be no inducement for employers to ever stipulate facts, in lieu of holding a formal hearing, and the tendency would be for all employers to insist on a formal hearing, even though there were no facts in dispute and the employer was willing to pay the exact amount claimed by the employee. This would defeat the objective sought to be attained by Rule 10 of the commission.

The attorney general cites our recent decision in *C. F. Trantow Co. v. Industrial Comm.* (1952), 262 Wis. 586, 55 N. W. (2d) 884, as authority for the proposition that the original stipulation of facts in the instant case constituted a "stipulation of settlement." However, in the *C. F. Trantow Co. v. Industrial Comm. Case* the stipulation provided for compromising a 100 per cent dependency imposed by the statute at 50 per cent so that the employer did not assume

to pay upon the basis of the full liability imposed by statute, which clearly distinguishes that case from the instant one.

There remains the further question of the legal effect of the stipulation of the parties in the instant case, dated December 13, 1944, and the "additional" order, dated January 5, 1945. This second stipulation, in stating the disability of the leg to be 35 per cent, was entirely lacking in an element of compromise but merely stipulated the percentage of disability as disclosed in the last report of Dr. Schumm. It, therefore, was not a "stipulation of settlement" any more than was the first stipulation. The fact that the parties in the stipulation of December 13, 1944, and the commission in its additional order of January 5, 1945, mistakenly referred to the first stipulation of facts as "the previous compromise" would not have the legal effect of converting that which was only a stipulation of facts into a compromise or "stipulation of settlement." If the employee had been induced to act to his prejudice in reliance on the stipulation of December 13, 1944, referring to the first stipulation as "the previous compromise" the employer might well be held to be estopped now to deny that such original stipulation was a compromise or a "stipulation of settlement;" but the employee did not change his position in reliance thereon so that necessary element of estoppel is lacking.

*By the Court.*—Judgment reversed and cause remanded with directions to set aside the award.

A motion for rehearing was granted on June 2, 1953, and oral argument was heard September 11, 1953.

For the appellant there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Henry H. Otjen.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

A brief was also filed by *Quarles, Spence & Quarles* and *Kenneth P. Grubb,* all of Milwaukee, as *amici curiae.*

The following opinion was filed October 6, 1953:

PER CURIAM (*on rehearing*). In our original opinion herein we held that a stipulation of facts for the purpose of enabling the Industrial Commission to enter an award thereon, in lieu of testimony taken at a formal hearing, which stipulation embodied no element of compromise, was not a *"stipulation of settlement"* within the meaning of sec. 102.16 (1), Stats. Therefore, an award made thereon became final and conclusive under sec. 102.18 (3), Stats., upon twenty days having elapsed thereafter, in the absence of the filing of a petition for review within such period.

In reaching such result, we interpreted the words *"stipulation of settlement"* of the statute to mean one wherein there was present some element of compromise. The attorney general strenuously objects to this interpretation and stresses the fact that the commission for many years, by practical interpretation, has held that an award upon a stipulation of facts could be opened up any time within six years from the date of the last payment of compensation. In other words, the commission interpreted the words *"stipulation of settlement"* to be broad enough to embrace a stipulation of facts which embodied no element of compromise as well as stipulations of settlement which did embody an element of compromise.

The present wording of sec. 102.16(1), Stats., is the result of an amendment made by the legislature to the Workmen's Compensation Act in 1943. Continuously since the adoption of such amendment the commission has made use of a form letter to accompany the mailing by it of all awards for compensation entered upon stipulations of facts. Such form letter has been mailed to the employee, the employer,

and the insurance carrier (in those cases in which the employer is not a self-insurer).. One paragraph of such letter contained the following statement:

"A stipulation of facts leaves a case open for further claim if additional liability can be shown, provided application is filed in the office of the Industrial Commission within six years from the date of the last payment of compensation."

This court has held that where there is any obscurity in the meaning of a statute, practical construction given by the administrative agency charged with administering such law is entitled to great weight. *State ex rel. State Asso. of Y.M.C.A. v. Richardson* (1928), 197 Wis. 390, 222 N. W. 222; *A. D. Thomson Co. v. Industrial Comm.* (1936), 222 Wis. 445, 451, 452, 268 N. W. 113, 269 N. W. 253; and *Smith v. Department of Taxation* (1953), 264 Wis. 389, 392, 59 N. W. (2d) 479.

While we are still of the opinion that the more commonly accepted meaning of *"stipulation of settlement"* is one which embodies a compromise, there is sufficient obscurity in the meaning of such phrase to justify resort to the practical interpretation of such phrase made by the Industrial Commission. We are fearful that, if we do not resort to such practical interpretation, a grave injustice might be done to many injured employees who have acted in reliance upon such interpretation by the commission.

The mandate of the previous opinion is vacated, and the judgment is affirmed.