CITY OF WAUWATOSA, Appellant, v. MILWAUKEE COUNTY, Respondent.

*December 2—December 20, 1963.*

186

For the appellant there were briefs by *Milton F. Burmaster*, city attorney, and *Herbert L. Mount* of Milwaukee of counsel, and oral argument by *Mr. Mount*.

For the respondent there was a brief by *Robert P. Russell*, corporation counsel, and *George E. Rice*, first assistant corporation counsel, and oral argument by *Mr. Rice*.

HALLOWS, J. The complaint was grounded upon sec. 59.07 (52) (a), Stats.,[1] which authorizes the defendant to

---

[1] "59.07 GENERAL POWERS OF BOARD. The board of each county may exercise the following powers, . . .:

"(52) *Milwaukee county: sewage, waste, refuse.* In any county having a population of 500,000 or more:

"(a) Provide for the transmission and disposal of sewage from any of the county buildings, and for such purpose may pay to the municipality in which said buildings are situated for the transmission and disposal of sewage, such proportion of the expense thereof, as certified under s. 59.96, to any such municipality; such proportionate expense to be determined by the ratio which the amount of sewage contributed by any such buildings may bear to the total amount of sewage contributed by any such municipality to such system; and such counties may provide and furnish meters to determine the amount of sewage so contributed."

reimburse municipalities in which county buildings are situated for the expense of the transmission and disposal of sewage from such buildings. Our decision turns upon the meaning of the word "may" as used in the section. If the word "may" means "may" and is discretionary, the trial court was correct in dismissing the complaint, but if "may" means must or shall and is thus mandatory, a reversal is required.

The facts are not in dispute. For many years in what was the town of Wauwatosa the defendant has operated a group of public institutions including a general hospital, hospital for mental disease, orphanage, county farm, tuberculosis sanatorium, home for the aged, and similar public buildings. Sewage originating in these buildings and that emanating from the rest of the plaintiff city is deposited in and transmitted by the Metropolitan Sewerage System, as is other sewage originating in Milwaukee county, to the facilities of the sewerage commission of the city of Milwaukee for treatment and disposal. The expense of transmission and disposal of sewage is allocated by the sewerage commission to the various municipalities pursuant to sec. 59.96, Stats. Upon receipt of the allocation report, each municipality is required to levy and assess taxes sufficient to pay its share of the expense against all the taxable property within its boundaries which is also in the drainage area, sec. 59.96 (9) (a), and to pay said share to the treasurer of the city of Milwaukee, sec. 59.96 (8) (a) and (9) (a). Thus a municipality is under a duty to pay for all the sewage emanating within its municipal territory but may only assess the cost against taxable property.

In 1930 approximately 90 percent of the total sewage emanating within the then town of Wauwatosa originated in the nontaxable county institutions. In 1929, by ch. 314, Laws of 1929, sec. 59.07 (52) (a), Stats., was created as sec. 59.08 (13) at the request of the defendant and related to

special powers of the county boards rather than to general powers of the county boards as it now does.

Pursuant to this section of the statute from the time of its passage until 1953, the defendant paid or reimbursed the town of Wauwatosa for the cost of the disposal of the sewage emanating from the county institutions. In 1953 by annexation that area including the territory surrounding the public institutions became a part of the plaintiff city to whom payments were then made by the defendant until 1958. In September of that year the defendant paid the plaintiff for the 1957 cost of sewage disposal and gave notice that it would make no payments in future years.

The population of the county institutions has averaged between 5,000 and 6,000 persons for a number of years. According to the 1960 census, the population of the plaintiff is 5.5 percent of the total population of the defendant. In recent years the sewage from the county institutions has amounted to 20–30 percent of all the sewage emanating within the plaintiff city. The plaintiff has continued to demand of the defendant the payment of the charges for this sewage, which claims have been denied and this action has resulted.

The plaintiff contends sec. 59.07 (52) (a), Stats., should be given a mandatory construction called for by the doctrine of contemporaneous construction and official interpretation. It is argued the defendant was instrumental in having the legislature enact this section because the defendant believed it proper to pay to the town of Wauwatosa its share of the expense of sewage disposal, that the county has made payments for some thirty years, and two corporation counsel of the defendant have given opinions the section is mandatory and requires the defendant to make the payments. We have no difficulty with the doctrine of contemporaneous construction and official interpretation. Such doctrine has

been recognized generally and in this state. 6 McQuillin, Mun. Corp. (3d ed.), p. 107, sec. 20.45; *State ex rel. State Asso. of Y.M.C.A. v. Richardson* (1928), 197 Wis. 390, 222 N. W. 222; *Mauel v. Wisconsin Automobile Ins. Co., Ltd.* (1933), 211 Wis. 230, 248 N. W. 121; *Wright v. Forrestal* (1886), 65 Wis. 341, 27 N. W. 52; *Dean v. Borchsenius* (1872), 30 Wis. 236. The difficulty is not with the doctrine but with its applicability to particular facts. To resort to the doctrine as an aid of construction, the statute must first need interpretation and be sufficiently ambiguous to call for construction. The language of sec. 59.07 (52) (a) on its face is permissive and grants a discretionary power to pay the expense of the transmission and disposal of sewage. But the plaintiff contends the parties have not so considered it in fact. We do not agree.

At the time of the enactment of the statute, no duty, much less a power, existed in the defendant to make payments for sewage disposal to municipalities which were under a statutory obligation of sec. 59.96, Stats., to pay the expense of disposal of all the sewage originating in their municipality. The action by the defendant in securing the power to reimburse, in effect, such municipalities did not in itself create a duty to exercise the power. Nor does the payment for nearly thirty years by the county to the town of Wauwatosa and subsequently to the plaintiff indicate a mandatory character of the statute to the exclusion of an exercise of a permissive power for reasons which then appealed to the defendant.

A legislative intent of creating a duty is not shown by such an interpretation of the statute followed by a consistent course of conduct by an agency charged with its enforcement. Defendant's corporation counsel in December, 1957, gave an opinion to the defendant that the statute was mandatory. Likewise in 1960, the corporation counsel gave a similar opinion, but there is no course of conduct on the part of the defendant relying on these opinions. The defendant repu-

diated them by making no payments pursuant thereto. The 1958 payment for 1957 charges was made after the rendering of the first opinion and was coupled with a notice that no further payments would be made.

Plaintiff contends in its second argument that the word "may" in the statute must be construed as "shall" because the statute affects public rights and interests. Generally in construing statutes, "may" is construed as permissive and "shall" is construed as mandatory unless a different construction is demanded by the statute in order to carry out the clear intent of the legislature. *Scanlon v. Menasha* (1962), 16 Wis. (2d) 437, 114 N. W. (2d) 791. The courts have construed language couched in permissive, directory, or enabling language as mandatory where the circumstances so indicate an intention of the legislature or the context and subject matter compel such a construction. 50 Am. Jur., Statutes, p. 53, sec. 31. This is sometimes done when public rights or interests demand such a construction. 6 McQuillin, Mun. Corp. (3d ed.), p. 141, sec. 20.58.

At an early date and since this court held and has held the natural and ordinary meaning of the word "may" is permissive and may but not necessarily mean "must" or "shall" in a statute only in cases (1) where public interests or rights are concerned and (2) where the public or third persons have a claim *de jure* which demands the power should be exercised for the benefit of such right. *Cutler v. Howard* (1859), 9 Wis. 282 (*309); *Curry v. Portage* (1928), 195 Wis. 35, 217 N. W. 705; *Wisconsin Hydro Electric Co. v. Public Service Comm.* (1940), 234 Wis. 627, 291 N. W. 784. When the word "may" is construed shall or must, the power given is not for the benefit of the recipient but for the benefit of those on whose behalf the recipient is called upon to act. The enjoyment or enforcement of the right *de jure* must depend upon the exercise of the power. In such cases it is presumed the legislative intent is that the

power granted in permissive form is in substance mandatory. But, prerequisite conditions for such a construction are that the third person in whose favor the power ought to be exercised has a claim *de jure* calling for the exercise of the power and that claim is independently established or exists independently from the creation of the power. The claim *de jure* cannot arise from the exercise of the power any more than one can pull himself up by his bootstraps.

It may be true in some other jurisdictions that a mandatory interpretation may be given to permissive language for the purpose of the advancement of public justice or of public good,[2] or as applied to public officers to promote public interests.[3] However, it seems to us the determination of public justice and the public good in respect to the allocation of the cost of the disposal of sewage between municipalities has been made by the legislature and cannot be changed by interpretation of this court in order to reach what may be considered a more-just result.

If the plaintiff is to succeed on this appeal, it must be able to show a right *de jure* to recover the amounts claimed on its complaint. The existence of this claim cannot be based upon sec. 59.07 (52) (a), Stats. If such a claim exists and it would be frustrated or rendered without remedy by a permissive construction of the statute, the legislature might well have intended a duty instead of a permissive power. However, no place in the statute do we find any language granting the plaintiff a claim for reimbursement other than what is urged should be read into sec. 59.07 (52) (a). Nor can we hold a permissive power becomes mandatory by use.

---

[2] *State ex rel. Smith v. Barnell* (1924), 109 Ohio St. 246, 142 N. E. 611; *State ex rel. Merrill v. Greenbaum* (1948), 83 Ohio App. 484, 84 N. E. (2d) 253; 50 Am. Jur., Statutes, p. 54, sec. 34.

[3] *State ex rel. Sawyer v. Mangni* (1950), 231 Minn. 457, 43 N. W. (2d) 775; 3 Sutherland, Statutory Construction (3d ed.), p. 86, sec. 5808.

Finally, it is contended the plaintiff has a claim *de jure* to the recovery of the sums on the theory of implied contract or unjust enrichment. No contract implied in fact can arise contrary to or in consideration of the statutory duty of the plaintiff to make these payments. Likewise, it cannot be said within the doctrine of unjust enrichment or by a contract implied in law that a claim arises on behalf of the plaintiff for carrying out a mandatory duty placed upon it by statute. *Shulse v. Mayville* (1937), 223 Wis. 624, 271 N. W. 643, cited by the plaintiff, is not in point. In that case the plaintiff was under no prior duty to perform the services for the city. Under the doctrine of unjust enrichment the basis for recovery is the duty of a person, who has received property or money or other things of value under such circumstances that in equity and in good morals he ought not to keep, to return the property or its value—not his promise, agreement or intention. *Arjay Investment Co. v. Kohlmetz* (1960), 9 Wis. (2d) 535, 101 N. W. (2d) 700. True, the defendant may be unjustly treating the plaintiff and its taxpayers in a popular sense by not relieving them of the direct cost of disposing of its sewage. However, we cannot hold the defendant has a duty to reimburse the plaintiff or has been unjustly enriched in the sense of creating a claim *de jure* on behalf of the plaintiff for reimbursement. The solution of the plaintiff's problem lies with the legislature, as this court is unable to construe the statute in question as being mandatory rather than permissive.

*By the Court.*—Judgment affirmed.