KENNETH J. BUKOWSKI, Corporation Counsel, Brown County
You state that Brown County has established a county solid waste management board pursuant to sec. 59.07 (135), Stats., and that one of two landfill sites is located in the Town of Hobart. The Town of Hobart has established a fire department pursuant to sec. 60.29 (18), Stats.; however, the town board has refused to permit said fire department to respond to calls at the county landfill site even though the county has offered to pay $100 for each call.
You inquire:
 If a town has established a fire department pursuant to sec. 60.29 (18), Stats., must the town provide fire protection for county-owned property in the same manner it provides services to privately owned property in the district?
It is my opinion that it must, and must perform without reimbursement from the county unless the county board in its discretion offers to pay, in part or in full, for the cost of said service. It is my further opinion that should the Town of Hobart fail to provide fire protection to the county property by its own department, by a joint department or by contract with a town or other municipalities having a fire department, or with a fire association, corporation or individual maintaining, housing and manning fire *Page 7 
equipment of a fire department as authorized by sec. 60.29 (18), Stats., said Town would be liable for the services of any fire department in fighting fire and traveling to fight a fire at the landfill site. Also see sec. 60.29 (20)(e), Stats., which provides that a town board may contract for fire protection and shall be entitled to reimbursement, not exceeding $100 a call, for fires on county or state trunk highways. There is no separate provision for reimbursement for calls made to other county-owned property.
Section 60.29 (18), Stats., provides that a town may "provide protection from fire" within the town in the various ways set forth above. Section 60.29 (18m), Stats., provides:
 "Town without fire protection liable for fire fighting service. Any town failing to provide under subsection (18) or otherwise for a fire department and fire fighting apparatus and equipment for extinguishing fires in such towns shall be liable for the services of any fire department in fighting fire and appearing to fight fire in such town
upon request." (Emphasis added.)
In Rockwood Volunteer Fire Dept. v. Kossuth, 260 Wis. 331,50 N.W.2d 913 (1952), the supreme court discussed the duty of a town to provide fire protection. At p. 333 it stated:
 "In enacting sec. 60.29 (18) and (18m), Stats., the legislature exercised its power to determine what public policy shall be with respect to fire protection, and required town boards to provide such protection in one of three ways: They could establish their own fire department, contract with another for such service, or pay for the services of any fire department responding to calls within their boundaries. Having thus required that fire protection be afforded the residents of rural communities, the legislature delegated to the town board the administrative authority to select the method of protection and to levy and collect taxes for the support of that method." (Emphasis added.)
 Allenton Volunteer Fire Dept. v. Soo Line Railroad Co.,372 F. Supp. 422 (E.D. Wis. 1974), cited Rockwood and held that the fire department which had a contract with the Township of Addison had a duty to provide fire protection within the town and was not entitled to payment from the railroad company for putting out a fire on its property even though the fire may have been started by trains and *Page 8 
even though the railroad company had made gratuitous payments to responding fire companies in the past.
Section 59.07 (135), Stats., permits counties to establish solid waste management systems and contemplates that landfill sites may be established within the boundaries of municipalities with the county. Fire protection is not specifically mentioned in such section, but sec. 59.07 (135), Stats., provides that the solid waste management "board may exercise the following powers:
"***
 "(m) Make payments to any municipality in which county disposal sites or facilities are located to cover the reasonable costs of services rendered to such sites or facilities." (Emphasis added.)
In my opinion the word "may" is used in a permissive sense and does not mean "shall" make payments. In Wauwatosa v. MilwaukeeCounty, 22 Wis.2d 184, 125 N.W.2d 386 (1963), it was held that the word "may" as used in sec. 59.07 (52)(a), Stats. (1959), providing that Milwaukee County may reimburse municipalities in which county buildings are situated for the expense of transmission and disposal of sewage from such buildings, was discretionary. The statute was later amended to change the word "may" to "shall." Unless and until the Legislature amends sec.59.07 (135) (m), Stats., to change the word "may" to "shall," it must be construed as being permissive rather than mandatory.
BCL:RJV