# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 10, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2025AP267**
**2025AP443**
**STATE OF WISCONSIN**

Cir. Ct. Nos. **2023GN197**

**IN COURT OF APPEALS**
**DISTRICT II**

---

IN THE MATTER OF THE GUARDIANSHIP OF C.R.R.:

KELLY R. ROSE,

   PETITIONER-RESPONDENT,

WAUKESHA COUNTY,

   INTERESTED PARTY-RESPONDENT,

 V.

C.R.R.,

   RESPONDENT,

RUSSELL O. ROSE,

   INTERESTED PARTY-APPELLANT.

---

APPEAL from orders of the circuit court for Waukesha County: CODY J. HORLACHER, Judge. *Affirmed*.

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Russell O. Rose[1] appeals pro se from two circuit court orders dismissing his Motions to Review the Conduct of the Guardian: one issued from a December 16, 2024 hearing and another issued from a February 14, 2025 hearing.[2] For the forthcoming reasons, we affirm both court orders.

## BACKGROUND

¶2 On February 9, 2024, the circuit court conducted an evidentiary hearing and awarded guardianship of Cory, who was turning 18 years old that month, to his mother, Kelly R. Rose. Thereafter, in the following ten months, Russell, Cory's father, filed five successive Motions to Review the Conduct of the Guardian. At issue in this case are the orders from the fourth and fifth Motions.

¶3 On appeal from the orders ensuing from hearings on his first two Motions to Review the Conduct of the Guardian, we issued ***Rose v. C.R.R.***, 2025 WI App 52, 418 Wis. 2d 155, 25 N.W.3d 293, on July 2, 2025. In the decision,

---

[1] For clarity, the parties, Russell O. Rose and Kelly R. Rose, are referred to by their first names. Pursuant to the policy in WIS. STAT. RULE 809.19(1)(g) (2023-24), the pseudonym "Cory" refers to the ward, C.R.R.

All references to the Wisconsin Statutes are to the 2023-24 version.

[2] The appeals were consolidated on March 12, 2025 upon Russell's motion.

with respect to Russell's first Motion, which he brought under the "[c]ause for court action against a guardian" for "[k]nowingly isolating a ward from the ward's family members," *see* WIS. STAT. § 54.68(2)(cm), we decided that the circuit court did not err in finding that Kelly was acting in Cory's best interest by limiting his contact with Russell and denying Russell's Motion. *C.R.R.*, 418 Wis. 2d 155, ¶23. Russell's second Motion was based on his claim that "new information"—namely, an email from Cory's doctor—would change the outcome. *Id.*, ¶24. He argued that Kelly had lied by saying her actions were based on this doctor's recommendation. The court disagreed about Russell's characterization of Kelly's testimony, and, furthermore, it stated that it did not base its decision in the previous hearing on "any type of medical recommendation" (or lack thereof) that the doctor's email might bear on, but rather on extensive testimony provided by other witnesses. *Id.* We decided that the court made no error in dismissing Russell's second Motion for lack of evidentiary support. *Id.*

¶4     While the appeal from the orders issued in response to Russell's first two Motions to Review the Conduct of the Guardian was pending,[3] he filed a fourth Motion[4] on October 18, 2024. The circuit court held an evidentiary hearing on the fourth Motion on December 16, 2024. In his Motion, Russell largely repeated the arguments he put forth in his second Motion to Review the Conduct of the Guardian.[5] Again, the court dismissed Russell's Motion, concluding it had

---

[3] Russell filed notices of appeal from the first two orders on July 17 and 18, 2024.

[4] Russell withdrew his third Motion to Review the Conduct of the Guardian at an October 14, 2024 hearing. *See infra* footnote 5.

[5] Russell also filed a motion to strike opposing counsel's exhibits and witnesses based on lack of timely filing. The circuit court dismissed the motion and admonished all parties to make timely filings. We address this later in this opinion.

no merit. In addition, it found that Russell was using these Motions to harass Kelly, in violation of WIS. STAT. § 802.05. Consequently, the court ordered that Russell must seek and receive permission of the court prior to filing any future Motions. The court stated:

> This [c]ourt will enter the orders that [Russell] will have to have leave of the [c]ourt in order to bring another review of conduct, because this [c]ourt is not going to come in every two weeks on a similarly-situated matter when there's been no new evidence to suggest that anything is actually different ….

¶5 On December 16, 2024, the circuit court issued its written order, which provided:

> In order to protect [Cory] from being required to pay for unnecessary advocate counsel fees, to ensure Russell … ceases his use of the review of conduct procedures for improper purposes, and as a sanction for violation of WIS. STAT. § 802.05, Russell … is barred from commencing any review of conduct proceedings in Waukesha County … without first seeking, and receiving, leave from the judge of the branch assigned this case.

¶6 Four days later, on December 20, 2024, Russell filed a fifth Motion to Review the Conduct of the Guardian. In this Motion, Russell alleged that there was new evidence to consider: he alleged that Kelly was responsible for Cory's school district's decision to ban Russell and his mother from school grounds. On February 17, 2025, the circuit court held a hearing on this Motion where it heard testimony from a school district representative refuting Russell's allegation. The witness testified that Kelly was not responsible for the school district's decision to ban Russell from school grounds—that decision was made by the school on its own. Because Russell's Motion was not based in fact, the court once again found Russell's Motion was without merit and dismissed it.

4

**DISCUSSION**

¶7      Russell's appeal raises six issues:[6] (1) whether the circuit court erred in sanctioning Russell without an order to show cause hearing at the December 16, 2024 hearing; (2) whether the court erred when it allowed Kelly to introduce exhibits that were not timely filed for the December 16, 2024 hearing; (3) whether the court erred in "allowing [Kelly's attorney] to excuse [Russell's] subpoenaed witness" from the December 16, 2024 hearing; (4) whether the court erred in allowing the other attorneys to question Kelly's subpoenaed witness without Russell's knowledge; (5) whether the court erred in failing to allow admissible testimony and evidence at the February 17, 2025 hearing; and (6) whether the court erred in not allowing Russell his right to discovery.

¶8      To start, we observe that Russell's arguments generally lack citations to legal authority. While we acknowledge that Russell is a pro se litigant for whom "some leniency may be allowed," *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992), pro se litigants "are bound by the same rules that apply to attorneys on appeal," *id.*, and "we will not abandon our neutrality to develop arguments." *Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Because Russell's arguments are not supported by legal authority, we need not address them. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992)

---

[6] Russell raises a seventh issue that we decided in *Rose v. C.R.R.*, 2025 WI App 52, 418 Wis. 2d 155, 25 N.W.3d 293. He is barred from relitigating it under the doctrine of claim preclusion, or res judicata. *See Lindas v. Cady*, 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994) (citation omitted) ("[A] final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings.")

("Arguments unsupported by references to legal authority will not be considered."). Nevertheless, in the interest of completeness, we will address Russell's individual arguments as best we are able to discern them.

## I. The circuit court's failure to hold a show cause hearing was harmless.

¶9      Russell claims the circuit court erred in its December 16, 2024 order by sanctioning him without an order to show cause hearing, per WIS. STAT. § 802.05. In Wisconsin, civil procedure pertaining to the signing of pleadings, motions, and other papers, the representations made therein to courts, and sanctions pertaining to violations of such are governed by § 802.05. "Pursuant to … § 802.05(2), a person who signs a pleading makes three warranties:"

> First, the person who signs a pleading, motion or other paper certifies that the paper was not interposed for any improper purpose. Second, the signer warrants that to his or her best "knowledge, information and belief formed after reasonable inquiry" the paper is "well grounded in fact." Third, the signer also certifies that he or she has conducted a reasonable inquiry and that the paper is warranted by existing law or a good faith argument for a change in it.

*Jandrt ex rel. Brueggeman v. Jerome Foods, Inc.*, 227 Wis. 2d 531, 548, 597 N.W.2d 744 (1999) (citation omitted). "If the circuit court finds that any one of the three requirements set forth under the statute has been disregarded, it may impose an appropriate sanction on the person signing the pleading or on a represented party or both." *Id.* The statute states, "[o]n [the court's] own initiative, the court may enter an order describing the specific conduct that appears to violate [this statute] and directing a[] … party to show cause why it has not violated [this statute] with the specific conduct described in the court's order." Sec. § 802.05(3)(a)2.

¶10     The circuit court's decision on whether there has been a violation of WIS. STAT. § 802.05 is based on its factual findings, which we uphold unless clearly erroneous. *See **Jandrt***, 227 Wis. 2d at 548. "When made pursuant to … § 802.05, our review of a circuit court's decision that an action was commenced frivolously is deferential." ***Jandrt***, 227 Wis. 2d at 548. "A circuit court's discretionary decision will be sustained if it examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." ***Id.*** at 549.

¶11     In addition, "[n]o judgment shall be reversed or set aside or new trial granted in any action or proceeding … for error as to any matter of pleading or procedure, unless in the opinion of the [circuit] court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial." WIS. STAT. § 805.18(2). "For an error to affect the substantial rights of a party, there must be a reasonable possibility that the error contributed to the outcome of the action or proceeding at issue." ***Evelyn C.R. v. Tykila S.***, 2001 WI 110, ¶28, 246 Wis. 2d 1, 629 N.W.2d 768 (citing ***State v. Dyess***, 124 Wis. 2d 525, 543, 547, 370 N.W.2d 222 (1985) and ***Town of Geneva v. Tills***, 129 Wis. 2d 167, 184-85, 384 N.W.2d 701 (1986) (noting that the standard set forth in ***Dyess*** applies in civil cases as well)). "A reasonable possibility of a different outcome is a possibility sufficient to undermine confidence in the outcome." ***Evelyn C.R.***, 246 Wis. 2d 1, ¶28 (citing ***Dyess***, 124 Wis. 2d at 544-45). "If the error at issue is not sufficient to undermine the reviewing court's confidence in the outcome of the proceeding, the error is harmless." ***Evelyn C.R.***, 246 Wis. 2d 1, ¶28.

¶12 We conclude the circuit court's sua sponte decision made without first holding a show cause hearing was harmless. Here, pursuant to WIS. STAT. § 802.05(3)(a)2., the circuit court initiated sanctions on its own motion. The court wrote, "[Russell]'s allegations have no merit, and he has utilized the review of conduct procedures under Chapter 54 as a means to harass Kelly … in violation of … § 802.05." Thus, the court continued, "Russell … is barred from commencing any review of conduct proceedings in Waukesha County … without first seeking, and receiving, leave from the judge of the branch assigned this case."

¶13 The circuit court identified the specific conduct that warranted sanctions for violating WIS. STAT. § 802.05. Russell maintained that Cory wanted to see him and that his freedom to associate was being violated. The Record reflects that multiple people told the court that when asked, Cory consistently stated he does not want to see Russell. This information came not only from Kelly, but also from the guardian ad litem and advocate counsel. Also, a physician who treated Cory for a few months—five days a week for three-to-five hours a day—never heard Cory say he wanted to see Russell.

¶14 In making its sua sponte decision, the circuit court also concluded it was in Cory's best interest not to see Russell. Among other matters, the court noted that Russell had indicated in communications to Kelly that he was "going to take [Cory] to Texas and she's never going to see him. … How is this [c]ourt supposed to think anything other than you are actually going to make good on trying to take [Cory] to Texas and never allow [Kelly] to see him again?" Given this, the court said that a relationship between Cory and Russell "right now … is not in [Cory's] best interest."

¶15     Thus, the circuit court reasoned that Russell's fourth Motion to Review the Conduct of the Guardian had no basis in fact, as there was "no new evidence to suggest that anything is actually different" to warrant the Motion and dismissed it.  It also found that Russell was in violation of WIS. STAT. § 802.05 and barred him from commencing any review of conduct proceedings in Waukesha County without first seeking, and receiving, leave from the court.  Having examined the relevant facts, applied the proper law and, used a demonstrated rational process, the court reached a reasonable conclusion and applied an appropriate sanction.

¶16     We are convinced that the Record demonstrates the circuit court's sua sponte decision did not affect Russell's substantial rights and therefore was harmless.  Further, the sanction could not possibly have harmed Russell because Russell ignored the sanction and filed a fifth Motion to Review the Conduct of the Guardian that led to a fifth hearing on that Motion.  Thus, the sanction was not

9

enforced against Russell, so the court's failure to hold a hearing on an order to show cause with respect to this sanction was harmless.[7]

## II. The exhibits were properly admitted.

¶17   Russell next claims that the circuit court erroneously exercised its discretion by not striking Kelly's exhibits because they were not filed more than 48 hours before the December 16, 2024 hearing.  We reject his claim.  Russell's argument relies on his misinterpretation of applicable rules.  The Waukesha County Probate Division Local Rule 4.4(1)[8] states, for eFilers, "[u]nless otherwise ordered by the [c]ourt, all proposed exhibits must be eFiled no later than 48 hours before the beginning of trial," and Rule 4.4(3) states that failure to follow these

---

[7] The circuit court issued an order from the hearing on Russell's second Motion to Review the Conduct of the Guardian in which it sanctioned Russell based on violations of WIS. STAT. § 802.05(2)(a) and (c) and ordered Russell, pursuant to § 802.05(3), to: "Pay all [c]ourt costs related to [Russell's] recent Petition for Review of Conduct" and "[p]ay Kelly['s] attorney fees associated with the [second] Petition for Review of Conduct."  The court ordered a hearing for Russell to "show cause as to how he has not violated … § 802.05(2) and why these sanctions or any other sanction should not be imposed upon him."  The sanctions were ordered because "[Russell]'s … allegations … do not have evidentiary support, nor are they sufficient to bring forth a Petition for Review of Conduct."  The court also stated, "[Russell]'s filing of a new Petition for Review of Conduct a mere two days following the [c]ourt's entry of an order denying his prior Petition for Review of Conduct while alleging no new allegations can be for no other reason than to harass the parties and cause needless increase in the cost of litigation for the other parties."  The hearing on the order to show cause was held on October 14, 2024.  At this hearing, Russell withdrew his third Motion to Review the Conduct of the Guardian and agreed to re-file it, because he could not make any of the dates offered by the court that fell within the 60-day window of filing, per WIS. STAT. § 54.68(3).

We note that in its December 30, 2024 written order, the circuit court ordered Russell to pay the guardian ad litem fees associated with the fourth Motion to Review the Conduct of the Guardian, pursuant to WIS. STAT. § 54.74, which governs compensation for the guardian ad litem: "If a petition to the court under this chapter is dismissed, the court shall order the petitioner to pay the compensation of the guardian ad litem."  This requirement has been applied in each order issued from each of the three dismissals of Russell's successive Motions.

[8] Available at https://www.waukeshacounty.gov/circuit-courts/information-pages/local-rules/probate-court-rules/#Rule4.4 (last visited November 26, 2025).

rules "may result in the proposed exhibit(s) not being admitted or considered by the [c]ourt." This rule provides that a court *may* refuse to admit the exhibits if they are not timely provided or filed. We interpret the word "may" according to its common and ordinary meaning of granting permission. *See City of Wauwatosa v. County of Milwaukee*, 22 Wis. 2d 184, 191, 125 N.W.2d 386 (1963) ("Generally in construing statutes, 'may' is construed as permissive and 'shall' is construed as mandatory unless a different construction is demanded by the statute in order to carry out the clear intent of the legislature."). It denotes a permissive not a mandatory action: the court has discretion to determine whether exhibits should be struck.

¶18 A circuit court's discretionary decisions are reviewed under the erroneous exercise of discretion standard. *Weborg v. Jenny*, 2012 WI 67, ¶41, 341 Wis. 2d 668, 816 N.W.2d 191. "A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record." *Id.* (citation omitted). The court decided that striking the exhibits was not warranted: the exhibits were filed just a few hours beyond the 48-hour deadline, and Russell did not explain how he was harmed by the slight delay. Thus, the court did not err in exercising its discretion to allow the exhibits.

**III. No witnesses were dissuaded from testifying.**

¶19 Russell also claims that the circuit court erred in allowing Kelly's attorney to excuse Russell's subpoenaed witness from the December 16, 2024 hearing. He argues that Kelly's attorney knowingly and maliciously prevented or dissuaded a witness from attending or giving testimony at a trial. *See* WIS. STAT. § 940.42 ("… whoever knowingly and maliciously prevents or dissuades, or who

11

attempts to so prevent or dissuade any witness from attending or giving testimony at any trial, proceeding or inquiry authorized by law, is guilty of a Class A misdemeanor."). Russell offers no evidence that Kelly's attorney maliciously prevented or dissuaded the witness from attending or giving testimony at the trial. The attorney testified that she "didn't tell [the witness] not to come"; rather, she alerted the court via letter to pretrial issues. One of the issues she identified was that the witness was not properly subpoenaed. The controlling statute states:

> Except when subpoenaed on behalf of the state, of a municipality in a forfeiture action, or of an indigent respondent in a paternity proceeding, no person is required to attend as a witness in any civil action, matter or proceeding unless witness fees are paid or tendered, in cash or by check, share draft or other draft, to the person for one day's attendance and for travel.

WIS. STAT. § 885.06(1). The Record shows that Russell did not pay the witness fee to the witness: Russell did not dispute that he did not pay the witness fee. The court stated, "[the witness] was not paid ahead of time, as far as the record is concerned. He doesn't have to be here. He's under no duty to show up." Thus, the witness was not compelled to appear pursuant to § 885.06. Any allegation that counsel acted maliciously is belied by the record, as Kelly's attorney attempted to get the witness's testimony via affidavit, and made the suggestion at the evidentiary hearing that Russell could subpoena the witness correctly to appear on another date. Based on Russell's failure to provide evidence in support of his allegation, the court did not err in denying it.

## IV. Russell fails to develop arguments regarding the guardian ad litem and advocate counsel's alleged wrongdoing.

¶20 Russell further claims that the circuit court erred in allowing the guardian ad litem and advocate counsel to question Russell's subpoenaed witness

prior to the December 16, 2024 hearing without his knowledge. Russell provided no legal authority for his proposition when questioned by the court, nor does he offer any in his brief. Based on Russell's failure to develop arguments beyond making allegations without evidence of wrongdoing by the guardian ad litem and advocate counsel, we decline to address his argument further. *See **Pettit***, 171 Wis. 2d at 646.

## V. Russell was not barred from presenting testimony and evidence.

¶21 Russell claims that the circuit court failed to allow him to present admissible testimony or evidence at the February 17, 2025 hearing on his fifth Motion to Review the Conduct of the Guardian. Russell argues that the court erred in not allowing him to cross-examine a school representative on issues beyond the scope of the facts asserted in his Motion. The fifth Motion was filed a few days after the court held an evidentiary hearing on Russell's fourth Motion. Russell argued that new information had a bearing on the court's decision related to whether Kelly was isolating Cory from Russell. He claimed that the new information was that Kelly was responsible for Cory's school banning Russell and his mother from school grounds.

¶22 Russell subpoenaed two representatives from Cory's school. One of the representatives testified, and the court directed Russell to focus the scope of his questioning of the witness to the premise in his Motion, the school ban. *See* WIS. STAT. § 904.02 ("All relevant evidence is admissible, except as otherwise provided by the constitutions of the United States and the state of Wisconsin, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.") Upon hearing the testimony, the court found that the school banned Russell and Russell's mother from school grounds

13

for reasons that had nothing to do with Kelly. Therefore, the court dismissed Russell's latest Motion because its factual premise was false. We conclude the court examined relevant facts as to the scope of Russell's allegation, applied the proper law respecting the admission of evidence, and came to a reasonable conclusion that Russell's questions that did not focus on the basis of his Motion were irrelevant. The court did not err by not allowing Russell to question the school representative outside of the scope of the facts he alleged.

## VI. Russell's final arguments were not sufficiently developed to warrant relief.

¶23 Finally, Russell claims that the circuit court erroneously exercised its discretion in refusing to allow him to conduct discovery. Specifically, he contends the guardian ad litem refused his repeated requests for meetings with Cory and the court declined to order the guardian ad litem to facilitate a meeting. We are not persuaded. Russell fails to cite legal authority that would allow him to meet with the guardian ad litem and Cory as a method of discovery. As his argument is undeveloped, we decline to review it. *See **Pettit***, 171 Wis. 2d at 646. Russell also objects to the waiver of Cory's appearance and that the court has not compelled Cory's appearance. Russell does not cite to any legal authority that he may override the guardian ad litem's waiver of Cory's appearance. Again, as his argument is undeveloped, we decline to review it. *See **id.***

## CONCLUSION

¶24 As set forth above, the circuit court did not erroneously exercise its discretion when it denied Russell Rose's fourth and fifth Motions to Review the Conduct of the Guardian. This court, therefore, affirms the circuit court's orders dismissing Russell's Motions.

14

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.