MICHAEL J. MULROY, District Attorney La Crosse County
You have asked for my opinion on some questions related to the Implied Consent Law.
Your first question is whether a hospital must comply with the request of a law enforcement officer to administer a chemical test including a blood test.
In my opinion the answer is yes.
Section 343.305 (1), Stats., provides:
 Any person who drives or operates a motor vehicle upon the public highways of this state, or in those areas enumerated in s. 346.61, shall be deemed to have given consent to tests of his or her breath, blood or urine, for the purpose of determining the presence or quantity in his or her blood, of alcohol or controlled substances when requested to do so by a law enforcement officer under sub. (2). Any such test shall be administered upon the request of a law enforcement officer. *Page 210 
Section 343.305 (2)(c), Stats., provides:
 A person who is unconscious or otherwise not capable of withdrawing consent is presumed not to have withdrawn consent under this subsection . . . .
Section 343.305 (3)(b), Stats., provides:
 If the person refuses the request of a law enforcement officer to submit to a test under sub. (2), the officer shall immediately prepare a notice of intent to revoke the person's operating privilege under sub. (9) . . . .
Section 343.305 (6)(a), Stats., provides:
 Blood may be withdrawn from the person arrested for the purpose of determining the presence or quantity of alcohol or controlled substance in the blood only by a physician, registered nurse, medical technologist, physician's assistant or person acting under the direction of a physician.
Section 343.305 (9)(c), Stats., provides: "Upon refusal to take a test under sub. (2), the court shall revoke the person's operating privilege for 6 months."
The Implied Consent Law does not authorize physical force to require a person to submit to a chemical test. The wrongful refusal to take the test, however, subjects the person to sanctions. The Legislature intended to permit drivers to refuse to take these tests, but only on penalty of a sanction for having wrongfully withdrawn their implied consent to submit.
The driver's right to refuse to submit is evident from the foregoing statutes. "If the person refuses the request" to submit, the officer is to prepare a notice of intent to revoke. Sec. 343.305 (3)(b), Stats. On that wrongful refusal, the person's operating privileges shall be revoked for six months. Sec. 343.305 (9)(c), Stats. The Legislature did not contemplate a wrestling match to hold a driver to his implied consent.
In the case of an unconscious person or one who otherwise is incapable of withdrawing consent, the consent to submit to tests, in the eyes of the law, remains operative. Sec. 343.305 (2)(c), Stats. *Page 211 
Consequently, except for the unconscious person or one otherwise not capable of withdrawing a consent, a hospital can be called upon to administer a chemical test only where the person does not withdraw consent. In both instances, it is my opinion that the hospital is under a mandatory duty to perform the test. Section 343.305 (1), Stats., unequivocally states that the test "shall be administered upon the request of a law enforcement officer," and the Legislature expressly enumerated the health professionals who shall draw blood. Sec. 343.305 (6)(a), Stats.
The use of the word "shall" demonstrates the Legislature's intent that the obligation on hospitals and related health professionals is mandatory. The word "shall" is construed as importing a mandatory term unless the statute demands an alternative construction. Wauwatosa v. Milwaukee County,22 Wis.2d 184, 191, 125 N.W.2d 386 (1963). Nothing in the Implied Consent Law demands an alternative construction. In fact, this law is to be liberally construed to achieve its overall purpose to facilitate the taking of tests to determine intoxication.Scales v. State, 64 Wis.2d 485, 494, 219 N.W.2d 286 (1974). To construe the word "request" as permitting hospitals, physicians, etc., to refuse to comply with the officer's request would abort the very purpose of the law and would effectively repeal the mandatory word "shall."
Accordingly, a hospital must comply with the request of a law enforcement officer to administer a chemical test including a blood test. It must be understood, however, that the officer cannot force a test on an unwilling person and that, in the eyes of the law, an unconscious person is willing.
Your second question is whether a doctor who refuses to comply with the request of a law enforcement officer to administer a test would violate sec. 946.40, Stats.
In my opinion the answer is yes.
Section 946.40, Stats., provides:
 REFUSING TO AID OFFICER. (1) Whoever, without reasonable excuse, refuses or fails, upon command, to aid any person known by the person to be a peace officer is guilty of a Class C misdemeanor. *Page 212 
 (2) This section does not apply if under the circumstances the officer was not authorized to command such assistance.
Section 946.40, Stats., reflects the ancient common-law principle and the long-standing rule in this state that citizens have a duty to aid police officers in the discharge of their duties. One of this section's antecedents is ch. 136, sec. 17, Rev. Stats. 1849, which required "any person" to assist these law officers "in the execution of their office." 11 Op. Att'y Gen. 829, 830 (1922) referred to this as a "duty of citizenship." InBabington v. Yellow Taxi Corporation, 250 N.Y. 14, 164 N.E. 726
(1928), the court recited the common-law history of the citizen's duty to evoke a "hue and cry" on discovery of a felon as well as to equip himself with the "instruments sufficient for the task" of apprehending. 164 N.E. at 727. Mr. Justice Cardozo, speaking for the court, declared that the modern day citizen has the same duty of assistance.
 The ancient ordinance abides as an interpreter of present duty. Still, as in the days of Edward I, the citizenry may be called upon to enforce the justice of the state, not faintly and with lagging steps, but honestly and bravely and with whatever implements and facilities are convenient and at hand. . . . An officer may not pause to parley about the ownership of a vehicle in the possession of another when there is need of hot pursuit.
Id.
It remains the law that a law enforcement officer may summon a posse comitatus or a sole bystander to lend assistance. 1Wharton's Criminal Procedure sec. 52 (12th ed.). See West Salemv. Industrial Commission, 162 Wis. 56, 60, 155 N.W. 929 (1916). In exercising this power, the officer is subject to a duty of reasonableness under the circumstances. See Williams v. State,253 Ark. 973, 490 S.W.2d 117, 122-123 (1973). In the case at hand, it unquestionably is reasonable for the officer to summon a medical health professional to gather evidence by withdrawing blood especially since the Legislature expressly has imposed that obligation on the health professional and, indeed, has instructed the officer to use no other.
Your third question is whether the health professional, in complying with the officer's request, is subject to criminal or civil liability. The answer, quite briefly, is that the health professional has a greater risk of criminal liability in not
complying with that request. *Page 213 
As noted, if requested by a law enforcement officer, such test "shall be administered." Sec. 343.305 (1), Stats. Further, as noted, failure to aid the officer in this circumstance is punishable as a Class C misdemeanor. Sec. 946.40, Stats. Finally, lest there be any remaining doubt, the Legislature expressly exempted from civil or criminal liability those persons withdrawing blood from the arrested person, "except for civil liability for negligence in the performance of the act." Sec.343.305 (6)(b), Stats.
Consequently, the physician, nurse, or other health professional, in complying with a law enforcement officer's request to draw blood from an arrested person for the purpose of determining the presence or quantity of alcohol or controlled substance in the blood, incurs no liability by complying with the officer's request. Such person will incur liability only to the extent of his or her negligence while complying.
Your fourth question is whether the duty of the person performing the chemical analysis to report the findings is mandatory and, if so, whether refusal to report is subject to sec. 946.40, Stats.
In my opinion the duty is mandatory. Section 343.305 (4), Stats., provides:
 The person who performs a chemical analysis of breath, blood or urine under sub. (2) shall prepare a written report of the findings of the test which includes the identification of the law enforcement officer or person upon whose request the test was administered. He or she shall promptly transmit a copy thereof to the department, the law enforcement agency and the person from whose breath, blood or urine the analysis was made.
My reasoning in response to the first question is applicable here. As noted there, the word "shall" ordinarily imports a mandatory obligation. The purpose of the Implied Consent law is to facilitate gathering of evidence of intoxication and is to be liberally construed to that end. Accordingly, the duty to report in sec. 343.305 (4), Stats., also is mandatory.
Section 946.40, Stats., relates to refusing to aid a "peace officer." Therefore, it would relate only to refusal to supply a report to the law enforcement agency and would not relate to a refusal to supply the report to the individual involved. The Department, of course, is a law *Page 214 
enforcement agency in respect to cases involving its own state troopers but, in other cases involving local police units, it would not be a peace officer for purposes of sec. 946.40 (1), Stats.
Unquestionably, the failure to file the report as required by statute would be a refusal to "aid" the officer within the meaning of sec. 946.40 (1), Stats. Since time immemorial the refusal of aid has consisted in the refusal to lay down one's business to supply time and equipment to help the police. In the case of providing the time and equipment to perform a chemical test, the requisite "aid" is incomplete until the results are reported.
Accordingly, the refusal to supply the reports to the law enforcement agency would be violative of sec. 946.40, Stats. There appears to be no express sanction for failure to supply the report to the person involved and the Department (except when it is the law enforcement agency). This is a matter which should be brought to the Legislature's attention to assure the enforceability of the law. In the meantime, the person performing the test could be subjected to appropriate civil remedies of injunction and, in a proper case, to a writ of mandamus. In addition, consideration should be given to the use of the subpoena and search warrant.
BCL:CDH