DAVID A. SHUDLICK, District Attorney Monroe County
Your letter states that there is a fully staffed hospital and clinic in Sparta, Wisconsin, which is the county seat in Monroe County. This hospital and clinic is located across the street from the Monroe County Sheriff's Department. The Monroe County Sheriff's Department wishes to refer sexual assault victims to this hospital for initial treatment and for the initial gathering of evidence from the person of the victim. Your letter states that in the past both adult and child sexual assault victims had to be transported outside of your county to La Crosse, Wisconsin, a distance of approximately thirty miles, in order to receive initial treatment and to submit to evidence-gathering process. The Monroe County sheriff has advised you that he met with the administrator of the hospital in Sparta to discuss this matter and that the hospital administrator stated that the hospital would not assist in gathering evidence in any of these cases under any circumstances. *Page 108 
You have asked for my opinion as to whether a peace officer has authority to request or command that the qualified medical personnel at your local hospital assist in gathering evidence from a sexual assault victim, and whether the refusal of such qualified hospital staff to so act constitutes a violation of section 946.40, Stats. Your letter does not provide sufficient factual information for me to give you an unqualified opinion on either question. My reasons for not giving unequivocal answers to your questions follow.
The Wisconsin Supreme Court addressed a similar question inWaukesha Memorial Hospital v. Baird, 45 Wis.2d 629,173 N.W.2d 700 (1970). The Baird case was a declaratory judgment action brought by the Waukesha Memorial Hospital against various law enforcement officers. The plaintiffs alleged that the doctors and the hospital might be held liable in tort if they drew blood from nonconsenting allegedly drunk drivers or, conversely, subjected to criminal liability if they refused to do so upon command from various law enforcement officers. The hospital sought a determination of the defendant's authority to order the taking of blood specimens and the legal protections afforded the plaintiffs in obeying such orders. The court discussed at some length the factual circumstances that were relevant to the issues before it and that must be known by the court in order for the court to issue a sound decision. The court dismissed the action, stating:
 We recognize that, under some circumstances which this court could imagine, the plaintiffs herein could run the risk of prosecution. Whether such prosecution could be successfully maintained both as to the applicability of a statute and as to whether the facts properly triggered the activation of the statute must abide a case in which the necessary factual underpinnings make possible a judicial determination.
Baird at 643.
Like the complaint in Baird, your letter provides a general description of a problem. The Baird case makes it clear that the authority of a law enforcement officer to command medical personnel to assist in the gathering of evidence, if such authority exists, depends on the specific circumstances involved. I am, therefore, of the opinion that local law enforcement officers do not have the authority to command medical personnel of your local clinic to *Page 109 
gather evidence from sexual assault victims as a matter of routine. However, it is also my opinion that a law enforcement officer may command such assistance when certain circumstances exist.
Section 946.40 provides:
 REFUSING TO AID OFFICER. (1) Whoever, without reasonable excuse, refuses or fails, upon command, to aid any person known by the person to be a peace officer is guilty of a Class C misdemeanor.
 (2) This section does not apply if under the circumstances the officer was not authorized to command such assistance.
Section 946.40 does not enumerate the circumstances under which an officer is authorized to command assistance. The circumstances under which an officer is authorized to command assistance must be ascertained by reference to other authority.
In 68 Op. Att'y Gen. 209 (1979), I answered the same questions you have addressed in relation to a peace officer's command that hospital staff members administer chemical tests, including blood tests, pursuant to section 343.305(1). It was my opinion that the hospital staff must comply with the peace officer's request to administer a specific chemical test unless the person who was to be the subject of the test was conscious and refused to submit to the test. My opinion relied on both section 343.305(1), which mandated that such tests "shall be administered upon the request of a law enforcement officer" and on a law enforcement officer's right to command assistance from citizens, which is frequently referred to as the officer's right to summon a posse comitatus. There is no statutory counterpart to section 343.305(1) with respect to the gathering of evidence from a sexual assault victim. Therefore, a peace officer's authority to command such assistance depends entirely on the officer's authority to command citizens to aid them in the discharge of their duties.
At common law, a peace officer had authority to summon citizens to aid in the discharge of the officer's duties. The common law right of a peace officer to summon citizens to aid in the discharge of his or *Page 110 
her duties is codified in section 59.24, which provides in pertinent part:
 PEACE MAINTENANCE; POWERS AND DUTIES OF PEACE OFFICERS, CO-OPERATION. (1) Sheriffs and their undersheriffs and deputies shall keep and preserve the peace in their respective counties . . . for which purpose . . . and in the apprehending or securing any person for felony or breach of the peace they and every coroner and constable may call to their aid such persons or power of their county as they may deem necessary.
The duty to secure evidence is not specifically described in section 59.24. This is not surprising in light of the fact that section 59.24 is a codification of a common law power of ancient origin. The modern day role of scientific analysis of evidence in the apprehension of criminal felons was unknown at common law. However, in modern times, the gathering of evidence for scientific analysis is frequently a critical stage in the apprehension of a criminal felon. In fact, in certain cases the successful apprehension of a sexual assault felon may be more seriously threatened by the loss of crucial identifying evidence than by the possibility that the offender might outrun the police. Since this activity appears to be within the intent of section 59.24, section 59.24 may be construed to authorize a law enforcement officer to command the assistance of a citizen in the gathering of evidence. As Mr. Justice Cardoza opined in regard to the modern day citizen's duty of assistance:
 The ancient ordinance abides as an interpreter of present duty. Still, as in the days of Edward I, the citizenry may be called upon to enforce the justice of the state, not faintly and with lagging steps, but honestly and bravely and with whatever implements and facilities are convenient and at hand . . . . An officer may not pause to parlay about the ownership of a vehicle in the possession of another where there is need of hot pursuit.
Babington v. Yellow Taxi Corporation, 250 N.Y. 14, 164 N.E. 726
(1928).
The authority of a law enforcement officer to command assistance from citizens is not unlimited. This office previously said of section 59.24, "[t]he statute contemplates necessity as the occasion for summoning assistance." 47 Op. Att'y Gen. 209, 214 (1958). It has also been held that a peace officer's request for assistance must *Page 111 
be reasonable. See Williams v. State, 253 Ark. 973, 490 S.W.2d 117,122-23 (1973). In addition, in the circumstances you describe a law enforcement officer may not interfere with the consensual nature of a physician-patient relationship. Therefore, a law enforcement officer may command assistance in the gathering of evidence only when the assistance is ancillary to an established physician-patient relationship. Finally, the victim-patient must consent.
In summary, a law enforcement officer is authorized to command medical personnel to gather evidence from a sexual assault victim when the command occurs in the context of an existing physician-patient relationship, the patient consents to the evidence gathering, the assistance is necessary to preserve the evidence and reasonable in light of the particular circumstances that exist at the time. When each of these stated conditions exist, an officer may command medical personnel to assist in gathering evidence from a sexual assault victim and a refusal to do so constitutes a violation of section 946.40.
It is unlikely that each of these conditions can be met in all sexual assault cases. For example, although your letter refers to the importance of timing in gathering evidence from a sexual assault victim, it does not specify the time period during which such evidence may effectively be gathered. The time period during which evidence may effectively be gathered from a sexual assault victim undoubtedly varies from case to case depending on the amount of time that has passed before a law enforcement officer learns of the sexual assault. Obviously, the necessity for assistance depends on the likelihood that the evidence will be destroyed by the delay as well as the effort entailed in transporting the victim to a hospital outside of the county.
Similarly, the reasonableness of a law enforcement officer's request for assistance in these cases depends on the totality of the circumstances. The capabilities of the hospital and clinic, the victim's medical needs and other patients' medical needs are among the factors that must be considered in assessing the reasonableness of the officer's request.
In determining whether or not the local law enforcement officer's request is reasonable, it is logical to consider the capabilities of the hospital or clinic from which assistance is requested. Section 146.301 bears on this situation in that it clarifies the responsibility of *Page 112 
hospitals providing emergency services to accept emergency cases when such are within its capabilities. Section 146.301 provides:
 REFUSAL OR DELAY OF EMERGENCY SERVICE. (1) In this section "hospital providing emergency services" means a hospital which the department has identified as providing some category of emergency service.
 (2) No hospital providing emergency services may refuse emergency treatment to any sick or injured person.
. . . .
 (4) No hospital may be expected to provide emergency services beyond its capabilities as identified by the department.
 (5) Each hospital providing emergency services shall create a plan for referrals of emergency patients when the hospital cannot provide treatment for such patients.
 (6) The department shall identify the emergency services capabilities of all hospitals in this state and shall prepare a list of such services. The list shall be updated annually.
 (7) A hospital which violates this section may be fined not more than $1,000 for each offense.
Your local hospital has been designated by the Department of Health and Social Services as a hospital providing "emergency services." Certainly any hospital that is defined as providing emergency services should, absent peculiar medical complications, be capable of gathering evidence from a victim in the course of its treatment of the victim. Therefore, it would normally be reasonable for a local law enforcement officer to request the staff of your local clinic to gather evidence from a sexual assault victim where the other conditions have been met.
Your letter does not state whether the local hospital's refusal to become involved in sexual assault cases extends beyond a refusal to gather evidence from sexual assault victims to a refusal to provide emergency services to sexual assault victims. If the hospital is refusing to provide emergency medical services to sexual assault victims, recourse may be had to section 146.301
Finally, your letter also does not state whether the request for assistance occurs in the context of the provision of medical treatment *Page 113 
to the sexual assault victim or whether the victim consents to the evidence gathering desired by the police officer. Each of these factors bear on a law enforcement officer's authority to command assistance in the gathering of evidence from a sexual assault victim.
It is my opinion that a law enforcement officer does have authority to command medical personnel to assist in the gathering of evidence from a sexual assault victim. However, until the Legislature enacts a statute empowering a law enforcement officer to command assistance in the gathering of evidence from a sexual assault victim in all cases, the officer's authority to so command is limited to the circumstances I have described.
You may wish to seek assistance from the Department of Health and Social Services in obtaining the cooperation of your local hospital in evidence-gathering services. In addition, you may wish to address the concerns stated in your letter to your local legislator and request legislation that expressly mandates the assistance you are seeking from qualified medical personnel in all cases. Such legislation would certainly be consistent with the Legislature's recent expression of concern over the treatment of victims of crimes of violence.
BCL:DMN